HODGES et al. v. CHRISTMAS et al.
(No. 985.)

(Court of Civil Appeals of Texas. El Paso.
May 29, 1919.)

1. INJUNCTION ⟨⟫136(2) — TEMPORARY INJUNCTION—TRESPASS TO TRY TITLE—INVASION OF POSSESSION.

In trespass to try title, where plaintiffs have been ejected from actual possession of land by defendants, possession will be restored and the original status of the property preserved by temporary injunction pending decision of the issue of title.

2. INJUNCTION ⟨⟫36(1)—TITLE TO PROPERTY —POSSESSION.

An injunction is not a remedy which can be used for the purpose of recovering title or right of possession of property.

3. INJUNCTION ⟨⟫136(2) — TEMPORARY INJUNCTION—POSSESSION OF PROPERTY—ADJUDICATION OF TITLE.

It is not the function of a preliminary injunction to transfer possession of land from one person to another, pending an adjudication of title, except in cases in which the possession of another has been forcibly or fraudulently obtained by defendants, and the equities are such as to require that the previous possession be restored and original status of property preserved pending decision of issue of title.

Appeal from District Court, Eastland County; Joe Burkett, Judge.

Suit by J. G. Christmas and others against R. A. Hodges and others. From an order granting a temporary writ of injunction defendants appeal. Injunction refused. Case reversed and remanded.

Scott & Brelsford, of Eastland, R. B. Truly, of Ballinger, Sayles & Sayles, of Abilene, and Lightfoot, Brady & Robertson, of Austin, for appellants.

W. J. Oxford, of Thurber, Chandler & Pannill, of Stephenville, and J. R. Stubblefield, of Eastland, for appellees.

WALTHALL, J. This case presents an appeal from, an order granting a temporary writ of injunction. Appellees, J. G. Christmas and others, brought this suit on October 3, 1918, in trespass to try title against appellants, and, after describing the land sued for by metes and bounds, and as being a part of the Emsy Miller survey in Eastland county, alleged that said land is chiefly valuable as a mineral property and for the development of oil and gas, and that appellants, without the consent of appellees, un-

lawfully entered upon said land and erected thereon a derrick and other suitable machinery and began drilling thereon for oil and gas; that, if said premises has oil and natural gas underlying same, appellants will continue drilling until same is reached, and will extract same from the earth and convert it to their own use and benefit, and that such conversion will be an appropriation of practically the whole corpus of said estate that is of any value; that appellants will thereby suffer irreparable injury and damage for which they have no adequate remedy at law.

Appellees prayed for a temporary writ of injunction restraining appellants from doing the things complained of. The petition was verified. The court set down the application for injunction for hearing, and directed that notice be served on appellants. Appellants made no general appearance, but limited their answer to the application for the injunction, and only in response to the fiat of the court indorsed on the petition and precept issued.

The answer contained a general demurrer and special exceptions: First, to the effect that, if the injunction prayed for be granted, it would, in effect, be a final settlement and disposition of the issues of the suit, which it was suggested could only be granted after trial on the merits and by final judgment; second, failure of petition to allege insolvency of appellees; third, that petition shows that appellants have a full and adequate remedy at law, to wit, action of trespass to try title and damages; fourth, a misjoinder of causes of action. The answer contained a denial, under oath, that appellees were and still are the owners in fee simple, including both the surface and mineral right thereto, to the 11.75 acres of land involved in the controversy, but that same theretofore belonged to the state, and is now owned by the state as a part of its public free school fund, subject only to the rights, titles, and interests of appellants by reason of its oil and gas permit, No. 2694, issued to appellant Hodges by the state of Texas, acting by its land commissioner, on July 31, 1918. They deny that the land sued for is any part of the Emsy Miller survey, deny the unlawful entry on the land, the ejectment of appellants therefrom, and the unlawful holding of possession of the premises from appellants to their damage in any sum, but claim a lawful entry and holding by reason of the said permit. The above portion of the special answer was sworn to. Appellants further answered that appellees were now drilling a well for oil or gas at a distance of about 200 feet in a southerly direction from the 11.75 acres of land in controversy; that, if the injunction prayed for is granted, appellants, by means of said well, will drain all the oil or gas that may be in or under the land in controversy. Appellants alleged that other wells were being drilled in close proximity to the lands involved in this suit, and like results as to depletion of oil and gas would follow.

After hearing the evidence, the court granted the temporary writ of injunction, enjoined appellants from further operations, or in any way interfering with appellees' possession of said premises as complained of pending appeal, and declined to permit appellants to file an appeal bond to suspend the injunction writ pending the appeal.

This case comes to this court from the Ft. Worth Court of Civil Appeals by order of transfer. We have not been favored by a brief or printed or oral argument from either side. In addition to the petition and answer, the order of the court granting the injunction, and other proceedings had, the record contains some 53 pages of oral evidence introduced on the hearing, and copies of field notes of many surveys other than the ones directly involved in this controversy. The view we take of the issues presented here on an application for a temporary injunction, however, do not require a finding of the exact location on the ground of the Emsy Miller survey, nor whether the ground in controversy is within or without the boundaries of the Emsy Miller survey, and on such findings decide the respective rights of appellants and appellees, as would be the case on a trial on the merits.

Appellants admit that the title to the 160 acres in the Emsy Miller survey, as shown by the abstract used on the hearing, is in the appellees. Appellants admit that they are doing the things complained of, that is, drilling for oil and gas, and appellees allege that the drilling is on their Emsy Miller survey. The contention of appellants as to title seems to be one of fact and to the effect that the Emsy Miller survey on its most northerly line does not extend north to and coincide with the south boundary line of the Wm. Ahrenbeck & Bro. No. 2 by a distance of 210 varas so as to embrace the land in controversy, and that appellants have secured permits from the commissioner of the land office to prospect for petroleum and gas on the space of ground 210 varas in width north and south parallel with and having for its north line the south line of the Ahrenbeck & Bro. No. 2, and having for its south line the north line of the R. O. P. Sparks and the Emsy Miller survey. It was on such space of ground and by a supposed vacancy that their permit authorized them to drill for oil and gas.

[1] Appellees do not allege, nor does the evidence show, that they were in actual, peaceable possession of the land in controversy, and that appellants had forcibly, fraudulently, or in any way wrongfully invaded such possession, and thereby ejected appellees therefrom, and by any such means

obtained possession for themselves. Much evidence found in the record centers around the question as to whether the Emsy Miller survey, admitted to be owned by appellees, embraces the land covered by appellants' permit. While such issue and evidence would be most pertinent to a trial on the merits, we think on this hearing, on an application for a temporary writ of injunction, as neither the trial court nor this court can determine the question of title, 'the controlling issue is one of previous actual possession of the land on the part of appellees, and an invasion of that possession on the part of appellants by force or fraud, or by some character of wrongful entry, thereby ejecting appellees, and committing the acts of trespass complained of. Such facts, if they appear, would require that the possession of appellees thus wrongfully invaded be restored and the original status of the property be preserved pending the decision of the issue of title.

[2, 3] As held by Mr. Justice Pleasants in Simms v. Reisner, 134 S. W. 278, and by Mr. Justice Reese in Jeff Chaison Townsite Co. v. Wiess & Kyle Land Co., 56 Tex. Civ. App. 611, 121 S. W. 716, an injunction is not a remedy which can be used for the purpose of recovering title or right of possession of property, and it is not the function of a preliminary injunction to transfer the possession of land from one person to another pending an adjudication of title, except in cases in which the possession of another has been forcibly or fraudulently obtained by the defendants, and the equities are such as to require that the previous possession thus wrongfully invaded be restored, and the original status of the property be preserved pending the decision of the issue of title. True, the trial court in this case, as in one of the cases above referred to, did not order the possession of the land be delivered to the appellees, but he did by his order render appellants' possession worthless by restraining them from drilling for oil and gas as their permit authorized them to do. If appellees were in previous possession of the land in controversy, and were, by force or fraud, ejected therefrom by appellants, appellees, we think, would' have the right to the relief granted irrespective of any remedy they might have at law, for the reason that the matters enjoined, if permitted, would be a continuous trespass upon the possession of appellees, and appellants'. permit from the state to drill for oil and gas would not of itself give them possession as against a previous possession, and therefore would not be a complete defense.

For reasons stated, we think the trial court was in error in granting the temporary injunction.

The injunction is refused, and the case is reversed and remanded.

⚙️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes