## HEAD v. COMMISSIONERS' COURT OF HUTCHINSON COUNTY et al.
### (No. 3234.)

Court of Civil Appeals of Texas. Amarillo.
Feb. 20, 1929.

McBride & Harney, of Borger, and Madden, Adkins & Pipkin, of Amarillo, for appellant.

Henry D. Meyers, of Borger, and Jos. H. Aynesworth, of Stinnett, for appellees.

HALL, C. J. This is an appeal from an order granting a temporary injunction. The county judge, joined by the commissioner of Hutchinson county, instituted this action against Dr. Head, alleging: That in October, 1926, the commissioners' court of said county, by order duly entered, authorized Dr. Malone to purchase a site and erect a building upon it, which is referred to in the record as Malone's Hospital, Head's Hospital, and the Pesthouse. That on October 26, 1926, the commissioners' court entered into a contract with Dr. Malone and the Sanitary Appliance Company, whereby Malone, as the agent of the commissioners' court, was authorized to contract with the Sanitary Appliance Company to construct, equip, and furnish a building to be used for hospital purposes. That the building was completed and has since been used and is at this time being used as a hospital, but has never been operated or controlled by the commissioners' court or board of managers. That it has been devoted to private uses by physicians having possession thereof, including the defendant, Dr. J. W. Head, who now assumes to exercise possession by virtue of his being inside of the building, occupying it under a contract with the commissioners' court dated December 3, 1928. That the county judge and commissioners who executed such contract with Head ceased to hold office January 1, 1929. That the contract made with Head on December 3, 1928, was to extend for a period of three years, and provides that Head should have possession and control of the building and appropriate all the revenues and income from the hospital upon his promise to care for county patients free of charge. That the judge and commissioners of said county who qualified as officers on the 1st day of January, 1929, entered an order upon the minutes of the commissioners' court on the 10th day of January, 1929, rescinding the contract with J. W. Head and declared said contract canceled and void, and on the 19th day of January, 1929, by a further order of said court, appointed a board of managers, consisting of six persons who are qualified electors and taxpayers under the law to take charge of it and manage said hospital. That on January 10, 1929, Dr. Head refused to surrender possession of said building and premises to said board of managers, although having been ordered to do so by the commissioners' court, and announced that he would hold possession against the county for the full term of three years, as provided in his contract made with the preceding commissioners' court, and that he persists in refusing petitioners a right to enter and possess said building and to conduct it in the discharge of the duties imposed upon

them by law and in violation of the rights of the board of managers. That petitioners have no speedy, adequate, or complete remedy at law by which to remove defendant's obstructions, and irreparable injury will be sustained by the people of said county unless the defendant be enjoined to permit petitioners and the board of managers a right to ·enter to take actual possession of said· building and to thereupon cease to interfere with or interrupt petitioners in assuming and retaining possession of said hospital for the discharge of the duties imposed upon them by law through said board. The prayer is that a temporary mandatory injunction issue ordering defendant to permit immediate entry into the building by petitioners and its board of managers and that defendant be temporarily enjoined from in any wise interfering, molesting, or interrupting the commissioners' court in their possession of the building and from in any wise annoying or harassing the commissioners' court or its board in the discharge of their statutory duties. That upon a final hearing the mandatory injunction be made permanent. That the contract made by the former commissioners' court with J. W. Head on December 3, 1928, be canceled, annulled, and held for naught.

Upon presentation of the petition, the court granted the temporary injunction as prayed for and set the matter for hearing on January 18, 1929.

The defendant, Head, answered by general demurrer, several special exceptions, general denial, and alleged: That his contract with the commissioners' court dated December 3, 1928, was valid and in full force and effect and had never been canceled or rescinded by any court of competent jurisdiction. That he had never at any time·breached the terms of said contract, but had always complied therewith and intended .and desired to continue to comply with the terms thereof in all respects. That it was never the intention of the county to use the building as a hospital. That it was erected for the purpose of caring for indigent, poor, and needy patients who were in need of medical attention, and was erected for that purpose only, and that the county has been saved large sums of money, in that it has not been put to the expense of upkeep and operating the building as a hospital. That necessary parties have not been made to this action, in that the record title of the two lots in the town of Borger upon which the building is situated is in the Borger Townsite Company, a corporation, and not in Hutchinson county.

On the 28th day of January, 1929, all parties appeared, and the court entered an order overruling the general demurrer and all special exceptions, refusing to require the Borger Townsite Company to be made a party, and decreed that the temporary injunction issued on the 16th day of January, 1929, be continued in force and effect until a final hearing and disposition of the matters in litigation should be disposed of by final judgment.

No statement of facts accompanies the record.

We do not pass upon the exceptions to the petition appearing in the defendant's answer. This duty is left to the trial judge upon a hearing on the merits. City of Wichita Falls v. Whitney (Tex. Civ. App.) 11 S.W.(2d) 404.

While the petition alleges that Dr. Head is in possession of the premises, it was stated in the oral argument before this court that Head was in possession of only two rooms in the hospital building, and that the county had possession of the remainder. When reduced to its final analysis, the proceedings, in so far as the temporary injunction is concerned, is not one affecting the title of the property, but the only issue properly before the trial court and this court is the right of possession. A temporary injunction is ordinarily not available as a remedy to obtain the possession of real estate from one who is holding it under a claim of right. Hodges v. Christmas (Tex. Civ. App.) 212 S. W. 825; Jeff Chaison Townsite Co. v. McFaddin, Wiess &. Kyle Land Co., 56 Tex. Civ. App. 611, 121 S. W. 716; Simms v. Reisner (Tex. Civ. App.) 134 S. W. 278; Moore v. Norton (Tex. Civ. App.) 215 S. W. 373.

Injunction cannot be resorted to where the complainant has an adequate remedy at law. If the county or the managing board is entitled to the possession of the premises, it has its remedy at law, and the equity powers of the court will not be exercised to accomplish that purpose. Hill v. Brown (Tex. Com. App.) 237 S. W. 252; City National Bank of Dallas v. Folsom (Tex. Civ. App.) 247 S. W. 591; Corpus Christi B. & S. Co. v. Corpus Christi National Bank (Tex. Civ. App.) 8 S.W.(2d) 955. If Dr. Head is a trespasser, the law furnishes a speedy and adequate remedy for ousting him. Allen & Yarbrough v. T. & P. Ry. Co. (Tex. Civ. App.) 7 S.W.(2d) 1102.

In his work on Injunctions, section 109, Joyce says, in granting or refusing temporary relief by preliminary injunction, courts of equity should in no manner anticipate the ultimate determination of the question or right involved. From the pleadings and orders before us, and in the absence of a statement of facts, the record is not in such condition that we would feel warranted in passing upon the validity of the contract made with Head and of the orders passed by the two commissioners' courts. These matters can only be determined upon a final hearing. Plaintiff did not allege that Dr. Head was insolvent, nor is there any allegation of maladministration by him of the affairs of the hospital, and the county may, so far as the

record shows, recover a valid judgment against him if his possession is a trespass, or may subsequently oust him upon a final hearing whether his possession is legal or wrongful.

For the reasons stated, the temporary injunction is dissolved.