## CLYBURN v. ROUNDTREE. (No. 1831.)

Court of Civil Appeals of Texas. Beaumont. April 18, 1929.

Rehearing Denied April 24, 1929.

R. H. Ward and Gordon O. McGehee, both of Houston, for appellant.

Boyles, Brown & Scott, of Houston, for appellee.

WALKER, J. This was a suit by appellant against appellee to recover a one-half interest in adjusted service certificate No. 3200551 for $1,575, issued to Earl Clyburn by the United States Veterans' Bureau, Adjusted Compensation Division. Pending trial on the merits, appellant was granted a temporary injunction restraining appellee from collecting the certificate. Upon call of the case for trial, judgment was entered sustaining appellee's general demurrer and dissolving the temporary injunction. The judgment was "that defendant go hence without day." By proper assignments appellant complains of the ruling of the court on the general demurrer and of the dismissal of her cause of action without a further setting for trial on the merits.

It was alleged by the petition: That Earl Clyburn entered the United States Army and served therein during the World War and was honorably discharged. The certificate in question was duly issued to him on the 1st day of March, 1927, in accordance with the act of Congress regulating adjusted compensation. Appellant was lawfully married to Earl Clyburn on February 19, 1920, and remained his wife until his death at Legion. Tex., on the 27th day of October, 1927, at which time there was lawfully due and payable on the certificate the sum of $1,575. On the face of the certificate it was recited that it was issued in compliance with section 501 of title 5 of the World War Compensation Act (38 USCA § 641), and of the regulations prescribed from time to time by the Director of the Bureau. The certificate on its face further provided that Earl Clyburn, with the approval of the Director, might change the beneficiary of the certificate, such change of beneficiary to be subject to such regulations as the Director might prescribe; when the certificate was issued, Earl Clyburn designated his sister, the defendant, as beneficiary.

"Plaintiff further avers that the said Earl Clyburn, in his lifetime, to wit, on October 18, 1927, delivered said adjusted service certificate aforesaid to this plaintiff, and then and there made her a present of the same, telling her at the time of said delivery that the gift of said certificate to her was to be absolute, irrevocable, and the same forever to be her property, and that she was to be the absolute owner of the amount of money stipulated to be paid in said adjusted service certificate. Plaintiff further avers that contemporaneously with the making of the gift of said certificate to this plaintiff, and its delivery to her as

aforesaid, the said Earl Clyburn wrote and signed a letter addressed to defendant, his sister, under the name of May, that being the name by which said defendant was usually known, and was especially the way in which the said Earl Clyburn addressed her, and which said letter was signed by the said Earl Clyburn, and then and there delivered by him to this plaintiff, and which said letter is substantially in words and figures as follows:

" 'Legion, Texas, 10—18—27.

" 'May, Thinking I would get my insurance, I had my Bonus made payable to you, but as I did not get my insurance, my last request is you to go with Georgia and select a stone for me, then split fifty-fifty with her.

" 'Your brother,

" '[Signed] Earl Clyburn.'

"That the 'Georgia' referred to in said letter meant this plaintiff, and that being the name by which she was commonly known and designated, and the name which said Earl Clyburn usually applied to her. That by virtue of the gift and the delivery of said adjusted service certificate as aforesaid, and by virtue of the terms of said letter above set forth, addressed to defendant, as hereinabove stated, the proceeds of said certificate became the joint property of plaintiff and defendant, each being the owner of and entitled to one-half thereof, subject alone to the request of the said Earl Clyburn in said letter that a stone be selected for him, by which was meant a tombstone."

It was further alleged that appellant showed appellee the letter, copied supra, and requested her to share the cost of the tombstone erected over the grave of Earl Clyburn and the cost of his funeral expenses, which she refused to do. All of said expenses were proper charges against the certificate in question. By reason of the said letter, and the delivery by Earl Clyburn of the certificate to appellant, she acquired and became the owner of an undivided one-half interest in the proceeds of this certificate and of the right to be compensated for one-half of the funeral expenses of Earl Clyburn and of one-half the cost of the tombstone. She had made demand upon appellee for her interest in the certificate, but appellee refused to recognize her rights and was trying to force collection upon all the certificate. Appellant prayed for a division of the proceeds of the certificate on the basis pleaded and for a temporary injunction restraining appellee from collecting the certificate.

■ The general demurrer was properly sustained. Section 641, 38 USCA, regulating adjusted service certificates, provides in part, "the veteran shall name the beneficiary of the certificate and may from time to time, with the approval of the director, change such beneficiary." We have been cited to no case construing this section of 38 USCA, but, as the language quoted is almost identical with similar provisions regulating mutual benefit associations, it should have a similar construction. Construing similar provisions, regulating change of beneficiaries in certificates of membership issued by mutual benefit associations, Cooley in his Briefs on the Law of Insurance, vol. 4, p. 3767, deduces the following rule:

"A mutual benefit association may make reasonable regulations defining the method by which a member may change the beneficiary named in his benefit certificate (Coleman v. Supreme Lodge Knights of Honor, 18 Mo. App. 189); and when such regulations are made they become part of the contract, and the right to change can be exercised in no other way."

Cooley recognizes many exceptions to this general rule and on pages 3767–3775 cites the authority supporting the rule and exceptions. The general rule was announced by the court in Supreme Conclave, Royal Aldelphia, v. Cappella (C. C.) 41 F. 1. This authority, to quote the syllabus, recognizes three exceptions to the general rule:

"The general rule that the insured is bound to make such change of beneficiary in the manner pointed out by the policy and by-laws of the association is subject to three exceptions: (1) If the society has waived a strict compliance with its own rules, and, in pursuance of a request of the insured to change his beneficiary, has issued a new certificate, the original beneficiary will not be heard to complain that the course indicated by the regulations was not pursued. (2) If it be beyond the power of the insured to comply literally with the regulations, a court of equity will treat the change as having been legally made. (3) If the insured has pursued the course pointed out by the laws of the association, and has done all in his power to change the beneficiary, but, before the new certificate is actually issued, he dies, a court of equity will treat such certificate as having been issued."

On the law thus announced, appellant failed to plead a cause of action; that is to say, on the facts pleaded it affirmatively appeared that she had no cause of action against appellee.

■ Appellant did not ask permission to amend her petition, after the general demurrer had been sustained, nor does she assign error that the court erred in refusing her permission to amend. The assignment is simply that, having sustained the general demurrer, the court erred in not setting the case for trial on the merits. Having sustained the general demurrer, and appellant not having asked permission to amend, the trial court properly entered judgment to the effect "that defendant go hence without day." Hollis v. Border, 10 Tex. 360; Gaddis v. W. U. Tel. Co., 33 Tex. Civ. App. 391, 77 S. W. 37. Love v. Powell, 67 Tex. 15, 2 S. W. 456, cited by appellant, has no application to the facts of

this case. That case was a suit for injunction. Pending trial on the merits, a temporary injunction was granted. At a subsequent term of the court appellee filed an amended answer, demurring generally to the petition, and denying, under oath, its material allegations. Afterwards appellee filed a motion to dissolve the injunction on the grounds of a want of equity in the petition and the sworn denial in the answer. This motion was granted, and, appellant declining to amend, the suit was dismissed. The dismissal of the cause of action was held error, on the ground that the petition "showed good ground for a writ of injunction." The court said that no error was committed in dissolving the temporary writ, but appellant, having pleaded a good cause of action, had the right to a jury trial, unless that right was expressly waived. In the case at bar appellant did not plead a cause of action, and therefore the petition was properly dismissed.

The judgment of the trial court is in all things affirmed.