## ROGERS v. DAY. (No. 633.)

Court of Civil Appeals of Texas. Eastland.
July 12, 1929.

Rehearing Denied Sept. 20, 1929.

See, also, 19 S.W.(2d) 577.

D. J. Brookreson, of Benjamin, for appellant.

Ernest Herring, of Aspermont, and Ratliff & Ratliff, of Haskell, for appellee.

LESLIE, J. This suit was filed in the district court of Haskell county to restrain alleged trespasses and threatened trespasses by the defendant on lands claimed by plaintiff. A temporary writ of injunction was granted plaintiff. By consent the suit was sent on change of venue to Stonewall county. On final hearing at a regular term of court, a general demurrer was sustained to plaintiff's petition, and he appeals, questioning the correctness of the court's ruling and judgment. The parties will be referred to as in the trial court.

The plaintiff's petition alleged that he was the owner of certain ranch lands in Stonewall county, Texas, using and occupying same. and that it included the Cordova league and labor and the J. B. Wilde surveys 2 and 4, each containing 640 acres of land. Then follows the further important and specific allegation:

"That on or about said time [July 1, 1928] the plaintiff procured the services of H. M. Rike, a duly licensed state surveyor, to locate the true boundary lines of said surveys, and began to remove his fences, and to place same on such true lines, and was proceeding to build such fences on the 3d day of August, 1928, when the defendant, who claimed some rights in the lands adjoining same on the

east, came to those whom the plaintiff had employed to build such fence, and by threats stopped them from work thereon, and tried to keep them from finishing said fence, but they finally succeeded in completing same, but the defendant has threatened to remove said fence, and will do so, unless restrained by this honorable court."

These are the material allegations, and the plaintiff's prayer was for an injunction restraining the defendant from molesting plaintiff's fences, and from disturbing plaintiff's peaceful enjoyment of the premises, for damages, etc.

The court's judgment on final hearing recites that, the pleadings and arguments of counsel having been heard, the court was of the opinion that the law of the case was with the defendant, and entered its decree as follows: "It is, therefore, ordered and adjudged by the court that the general demurrer be sustained; and plaintiff refusing and failing to amend, it is considered and adjudged by the court that the defendant herein, Roy Day, go hence without day, and that he recover of and from the plaintiff Hugh Rogers, his costs in this behalf expended, to all of which plaintiff excepts," etc.

The plaintiff (appellant here) complains of the judgment of the trial court in two propositions. In the first he contends that the court erred in sustaining the general demurrer to said petition, because same stated a meritorious cause of action, and showed that the plaintiff was entitled to the equitable relief therein prayed for. By the second proposition the contention is made that it was fundamental error for the court to enter a final judgment decreeing that the plaintiff take nothing by his suit, and that the defendant go hence without day; that the judgment of the court should have been one dismissing the plaintiff's cause of action.

■ The second proposition will be first disposed of. Of course, the usual and proper order for a trial court to make on sustaining a general demurrer, where the plaintiff refuses to amend, is to dismiss the plaintiff's suit. Such an order becomes a final judgment, from which an appeal may be prosecuted. Nevertheless, the judgment entered by the court was, as to the plaintiff, a final one, from which it was necessary for him to appeal in order to relieve himself from its terms.

Under the discussion of final judgments it is stated by Freeman (page 37, 5th Ed.) that: "A judgment 'that defendant go hence and that he recover his costs, etc.,' though not very formal, is a good final judgment, because no further action can be taken while it remains in force." Such would appear to be the holding in Clyburn v. Roundtree (Tex. Civ. App.) 16 S.W.(2d) 561, and McCoy v. T. & P. Ry. Co. (Tex. Com. App.) 239 S. W. 1105. Clearly such a judgment would be final, for it does at once put an end to the action by determining that the plaintiff is not entitled to recover under the allegations of his petition. To "go hence," as used in a judgment of this character, wherein the defendant is told to "go hence without day and recover his costs," etc., is synonymous with and has the same force and effect as "go home" in respect to constituting a judgment a final judgment for the purpose of review in an appellate court. Hiatt v. Kinkaid, 40 Neb. 178, 58 N. W. 700; Ware v. Jones et al. (Tex. Com. App.) 250 S. W. 663.

■ Such being its nature, in so far as the plaintiff was concerned, it had the same effect as a dismissal, and it was imperative that he prosecute an appeal therefrom, and we are authorized, under the facts of this particular case, to review the proceedings had in the trial court, although the form of the judgment rendered is subject to criticism. Were it necessary to do so, the judgment would be reformed, and a judgment of dismissal would be entered in lieu of the one appearing of record. Strickland v. Higginbotham Bros. & Co. (Tex. Civ. App.) 220 S. W. 433.

■■ We come now to a consideration of appellant's first and controlling proposition. By this suit the plaintiff seeks to perpetually enjoin the defendants from molesting or tearing down a fence and entering upon certain lands, which, according to plaintiff's allegations, was not within the plaintiff's inclosure at the time he employed a surveyor to go upon the grounds and locate what he here contends to be the true boundary of his lands. Unquestionably the plaintiff, by following the directions and advice of his surveyor, has extended the boundaries of the lands claimed and possessed by him to include a tract (the size of which we are not informed by plaintiff's pleadings, but according to defendant's pleadings embraces about 580 of his 640 acres of land, constituting survey 3 of Texas & New Orleans Railway survey), which lies immediately between the old (supposed) boundary line fence and the line of the new fence located by the recent survey. Plaintiff, by his adoption of the newly surveyed line as the "true" boundary line, in effect admits the line marked by the old fence is not the true boundary line of his lands, and it is significant that the plaintiff, after specifically designating and describing his lands, alleged that the defendant claimed the lands "adjoining same on the east." The significance of the situation is that the new inclosure of the plaintiff will evidently be made to embrace lands "adjoining" plaintiff's and admittedly "claimed" by the defendant. He alleges the defendant endeavored and threatened to prevent the construction of the fence, and the plaintiff's right to construct the same is apparently based upon no higher authority than that of the surveyor, whose findings, however accurate, fall short of being a judicial ascertainment of the true owner of the lands and the boundary thereof.

These facts, directly admitted and arising

by clear and necessary implication from the plaintiff's petition, point unerringly to a suit in trespass to try title, or one to establish boundary. But no such cause of action is presented by the instant case, and we have no authority, nor did the trial court in this proceeding, to find and locate on the ground the true boundary lines between the lands of the litigants, or to determine whether the lands between the old and new fence were within the boundaries of the plaintiff's lands or those of the defendant.

The petition negatives the idea that the plaintiff was in possession of the ground in controversy and rather affirmatively establishes the rightful possession thereof in the defendant at the time the plaintiff, by the erection of the new fence, apparently disturbed the defendant's possession. These are material considerations, as the controlling question resolves itself into one of the previous actual possession of the land on the part of the plaintiff and an invasion of such possession upon the part of the defendant by a wrongful entry, trespass, etc., for such facts, if they appeared, would require that the possession of the plaintiff thus wrongfully invaded be restrained and the original status of the property preserved, pending a decision on the issue of title. Hodges et al. v. Christmas (Tex. Civ. App.) 212 S. W. 825.

In disposing of a contention similar to that made by the plaintiff in this case, the court, in its opinion in Walker v. Haley (Tex. Civ. App.) 147 S. W. 360, 361, in dealing with a like state of facts, observed: "This suit not being one in trespass to try title, it is apparent that the title cannot be adjudicated herein. As the title cannot be adjudicated, there can be no final and determinative adjudication of the right to maintain the fence where it is."

We are of the opinion that the plaintiff has elected an improper procedure for the assertion of his rights. It is not the function of an equitable proceeding like this to transfer the possession of lands from one person to another, pending an adjudication of title, and a very clear statement of the law is to be found in Simms v. Reisner et al. (Tex. Civ. App.) 134 S. W. 278, 280, wherein it is said: "An injunction is not a remedy which can be used for the purpose of recovering title or right of possession of property, and it is not the function of a preliminary injunction to transfer the possession of land from one person to another, pending an adjudication of title, except in cases in which the possession has been forcibly or fraudulently obtained by the defendant and the equities are such as to require that the possession thus wrongfully invaded be restored, and the original status of the property be preserved pending the decision of the issue of title." To the same effect are numerous authorities, some of which are: Jeff Chaison Townsite Co. v. McFaddin et al., 56 Tex. Civ. App. 611, 121 S. W. 716; Hodges et al v. Christmas (Tex. Civ. App.) 212 S. W. 825; Walker v. Haley (Tex. Civ. App.) 147 S. W. 360; Sanches v. Newman et al. (Tex. Civ. App.) 158 S. W. 797; Butler v. Borroum (Tex. Civ. App.) 218 S. W. 1115; Paul v. City of El Paso (Tex. Civ. App.) 131 S. W. 438.

Had the trial court entered an order perpetuating the temporary writ of injunction he had theretofore granted, it would have had the effect of transferring and establishing in the plaintiff both possession and title to the lands in controversy, and that without placing upon the plaintiff the necessity of discharging the burden of showing his right to such title and possession in an appropriate possessory action. All issues arising out of the controversy over the title and possession to the disputed lands must necessarily be determined by a suit in trespass to try title, or to establish boundary, which legal remedies, being adequate and complete, must be resorted to. Hudgens v. Yancey (Tex. Civ. App.) 284 S. W. 347; Hill et ux. v. Brown et al. (Tex. Com. App.) 237 S. W. 252.

What we have here said is not to be taken as an expression by the court of any opinion on the merits of this case, as they may ultimately appear upon proper pleadings and fully developed testimony. Necessarily, in passing upon the correctness of the court's order sustaining the general demurrer and entering the final judgment, we take the plaintiff's pleadings as a statement of facts, and upon that assumption these observations are made and the opinion rendered.

For the reasons assigned, the judgment of the trial court is affirmed. It is so ordered.