## MORGAN et al. v. BRANNON et al.

### No. 1560.

Court of Civil Appeals of Texas. Eastland.

June 5, 1936.

Meade F. Griffin and Vincent Tudor, both of Plainview, for appellants.

E. W. Bounds, of Fort Worth, for appellees.

LESLIE, Chief Justice.

The litigants style themselves plaintiffs and defendants in their pleadings in the trial court, and will be so referred to here.

The litigation involves the right of possession to 1,377 acres of land. The plaintiff Mrs. Blanche Morgan et vir. presented to the district judge her petition seeking a temporary injunction to restrain C. C. Morgan and his wife, Ellen Morgan, Earnest Cooper and his wife, Nellie Cooper, "from molesting or otherwise interfering with any and all tenants that the said executrix Blanche Morgan Brannon may place upon said lands for the purpose of tending, cultivating and caring for said property in the future and from entering upon the same." The temporary writ was granted, and thereafter, on hearing at a regular term of court, made permanent. The trial was upon the same petition upon which the temporary writ was granted.

The facts out of which the litigation grows, as reflected by the pleadings, are, in substance, as follows: Mrs. Belle Morgan, the former wife of the defendant C. C. Morgan, and the mother of plaintiff and Nellie Cooper, defendant, died testate March 12, 1931, in Tarrant county, Tex. She owned considerable real estate, 1,377

acres thereof being situated in Palo Pinto county and being the subject-matter of this suit. The plaintiff alleged that the testatrix left a will naming her as independent executrix of the estate and that the will was duly probated December 29, 1934, in Lamb county, Tex., at which time the plaintiff qualified and was confirmed as such executrix. The plaintiff further alleged that pursuant to her duties as such executrix, she, on January 22, 1935, entered into a contract with J. L. Kennedy whereby she leased to him for a year said 1,377 acres of land, that the same was duly listed in the inventory and appraisement filed by her in the probate court of Lamb county. The plaintiff further alleged that in compliance with the rental contract made with J. L. Kennedy he "went to said property * * * acting under said lease contract which gave him the right of possession for twelve months from the date thereof and attempted to take possession of said land and premises in a peaceable way and was met by said C. C. Morgan and his wife Ellen Morgan, Earnest Cooper and his wife Nellie Cooper, at or near the entrance of said premises and refused to permit him to take possession of said premises and forbid the said Kennedy to come upon the said land * * *," "that the said C. C. Morgan also declared that he would not permit your plaintiff * * * to have any control over said lands for any time or in any manner and would not permit her to put anyone in the possession of said lands and premises. * * *" The allegations are further to the effect that it is to the best interest of the estate that said lands be rented and that the executrix as such was authorized under the law to manage and control said properties, etc. Following other allegations, unnecessary to repeat, the plaintiff prayed for the temporary injunction in the terms above stated, and that it thereafter be made permanent.

The defendants pleaded a general denial, special exceptions, and alleged that C. C. Morgan was under the will legatee and devisee of all the property owned by said Belle Morgan, deceased, and that the 1,377 acres in controversy is a part of that property. It is further alleged that although administration on said estate is pending in Lamb county there are no debts against the estate, no necessity for administration, and that C. C. Morgan is taking steps to withdraw same from control of the probate court. (The will, which appears in the statement of facts, purports to give all of the testatrix' estate to said C. C. Morgan for life, if in fact it does not unconditionally give him the entire estate.)

It is unnecessary to state in further detail the allegations of plaintiff's pleadings. In substance, they allege that plaintiff resides in Tarrant county, and that the defendants, who reside in Palo Pinto county, are in actual possession of the land (1,377 acres) in controversy, exercising control and dominion over the same under some claim of title or right of possession. Plaintiff does not allege that she ever had actual possession of the property, and if she is entitled to any character of possession of the same it is merely because she, as alleged, is the executrix of the estate of Mrs. Morgan, deceased. She makes no claim in her pleadings that she ever held actual possession of the property and thereafter lost such possession to the defendants by reason of some force or fraud practiced upon her by the defendants or either of them. In essence, the plaintiff's pleading is an effort to gain the actual possession of said land by means of the equitable remedy of temporary injunction, and thereafter have the same perpetuated, which appears to have been accomplished.

■ Viewing the plaintiff's pleadings in the most favorable light, they cannot be held sufficient as a basis for litigating and establishing the plaintiff's right of possession under the circumstances disclosed. It is elementary that an injunction is not the proper remedy to try title or right of possession of property. 24 Tex.Jur. p. 142, § 100; Rogers v. Day (Tex.Civ.App.) 20 S.W.(2d) 104. It is not a possessory remedy to oust one in possession. Otherwise stated, peaceable but disputed possession of property will not be transferred by temporary injunction. As said in Simms v. Reisner et al. (Tex. Civ.App.) 134 S.W. 278, 280:

"An injunction is not a remedy which can be used for the purpose of recovering title or right of possession of property, and it is not the function of a preliminary injunction to transfer the possession of land from one person to another pending an adjudication of the title, except in cases in which the possession has been forcibly or fraudulently obtained by the defendant and the equities are such as to

require that the possession thus wrongfully invaded be restored, and the original status of the property be preserved pending the decision of the issue of title."

· To the same effect are.: Head v. Commissioners' Court (Tex.Civ.App.)˙ 14 S.W. (2d) 86; San Jacinto Const. Co. v. Scanlan (Tex.Civ.App.) 300 S.W. 220; Block v. Fertitta (Tex.Civ.App.) 165 S.W. 504; Montgomery County Dev. Co. v. Miller-Vidor Lumber Co. (Tex.Civ.App.) 139 S.W. 1015; Welsh v. Carter (Tex.Civ.App.) 30 ·S.W.(2d) 354; Jeff Chaison Townsite Co. v. McFaddin, etc., Land Co., 56 Tex. Civ.App. 611, 121 S.W. 716; Moore v. Norton (Tex.Civ.App.) 215 S.W. 373; McCollum v. McCollum (Tex.Civ.App.) 67 S.W.(2d) 1055 (1-2); Rogers v. Day (Tex. Civ.App.) 20 S.W.(2d) 104; Marshall ˙v. Smith (Tex.Civ.App.) 55 S.W.(2d) 872; 24 Tex.Jur. § 100, p. 141; Hodges v. Christmas (Tex.Civ.App.) 212 S.W. 825.

■ Neither should a temporary injunction be granted where the effect of doing so is to give all the relief that could be obtained by a final trial on the merits. Welsh et al. v. Carter (Tex.Civ.App.) 30 S.W.(2d) 354; Morgan v. Smart (Tex. Civ.App.) 88 S.W.(2d) 769; James v. E. Weinstein & Sons (Tex.Com.App.) 12 S. W.(2d) 959. Upon this theory, the writ should have been denied in the first instance.

■ Further, since the suit is essentially one seeking to recover possession of land, the plaintiff had legal remedies, full, adequate, and complete. If there be any facts or reason why such remedies were not full, complete, and available, the same are not alleged. Under the circumstances and upon such character of pleading, the plaintiff is not entitled to the equitable remedy of injunction. Hill v. Brown (Tex. Com.App.) 237 S.W. 252; City Nat. Bank v. ˙Folsom (Tex.Civ.App.) 247 S.W. 591; Mercer v. Fitzhugh (Tex.Civ.App.) 261 S. W. 819; Corpus Christi Book & Stationery Co. v. Corpus Christi Nat. Bank (Tex. Civ.App.) 8 S.W.(2d) 955; Allen & Yarbrough v. Texas & P. Ry. Co. (Tex. Civ.App.) 7 S.W.(2d) 1102; Head v. Commissioners' Court (Tex.Civ.App.) 14 S.W. (2d) 86; Butler v. Borroum (Tex.Civ. App.) 218 S.W. 1115; McCollum v. McCollum (Tex.Civ.App.) 67 S.W.(2d) 1055; Marshall v. Smith (Tex.Civ.App.) 55 S.W. (2d) 872; Woman's Club of Ysleta v.

Hutchins (Tex.Civ.App.) 40 S.W.(2d) 960; Clements v. Murphy (Tex.Civ.App.) 54 S. W.(2d) 1047; Harris v. Siegel (Tex.Civ. App.) 68 S.W.(2d) 330; West Texas Utilities Co. v. Farmers' State Bank (Tex. Civ.App.) 68 S.W.(2d) 648; Moore v. Norton (Tex.Civ.App.) 215 S.W. 373; Rogers v. Day (Tex.Civ.App.) 20 S.W.(2d) 104.

For the foregoing reasons, it is obvious that there is fundamental error, in the judgment appealed from. The same is, therefore, reversed and the cause remanded.