**HUMBLE OIL & REFINING CO. et al. v. LUCKEL et al.**

No. 3867.

Court of Civil Appeals of Texas. Beaumont.

July 18, 1941.

Rehearing Denied Sept. 17, 1941.

Carlos B. Masterson, of Angleton, and Felix A. Raymer, of Houston, for appellants.

Fitzpatrick & Wells, of Houston, for appellees.

O'QUINN, Justice.

Mrs. Louisa Wisch died testate, October 11, 1925, seized and possessed of the land involved in this suit, leaving surviving her three children, Mrs. Hazel Saint, Leo H. Wisch, and Fred Wisch, and her husband, W. H. Wisch, who died since the institution of this suit. The following summary gives the material provisions of Mrs. Wisch's will:

1. Out of the net proceeds or returns from said land, "by way of rents or otherwise" $600 per year be paid to the surviving husband, W. H. Wisch—Par. a of Item 3.

2. Expressing the belief that the land was "probably valuable oil property," Fred Wisch was empowered to consummate a transaction then pending to make an oil lease on said land.

3. That said tract may not be sold during the life of W. H. Wisch, except with the consent and acquiescence of W. H. Wisch and the three children.

4. If said land was not sold during the lifetime of said W. H. Wisch, then "Upon the death of my said husband, the title to said tract shall descend to and vest in my said three children, Fred, Leo, and Hazel, share and share alike, and the said three children shall own said tract in fee simple absolutely in equal undivided interests."

5. Mrs. Hazel L. Saint, by the last item of the will, was designated executrix *with full power of sale.*

The will was duly probated, and Mrs. Saint duly qualified as independent executrix. On the 16th of February, 1940, appellees, Louis Luckel, Jr., et al., took from Mrs. Saint, as independent executrix, a written oil lease, on a valuable consideration, on the land in controversy, which was duly recorded. On February 19, 1940, appellant, Humble Oil and Refining Company, through its agent and representative, Carlos B. Masterson, took from L. H. Wisch, and his brother, Fred L. Wisch, two of the beneficiaries under their mother's will, a contract for an oil lease on a two-thirds undivided interest in the land in controversy.

This suit was instituted by appellees against appellants in trespass to try title to recover the title and possession of the land in controversy, as against the oil lease executed to appellants by Leo H. and Fred L. Wisch, and for temporary injunction, which was granted on a full hearing to the following extent: "It is ordered that the Clerk of the District Court for Brazoria County issue a writ of temporary injunction restraining the defendants and each of them, until final trial on the merits in said cause, from transferring any mineral interest in said land or from recording any outstanding transfer, lease, or assignment, if any, and from developing said land for oil, gas, or other minerals; land described in petition which has been served on defendants."

Appellees plead many grounds of equitable relief which are immaterial on the issues of this appeal. The appeal was prosecuted to the Galveston Court of Civil Appeals, and is on the docket of this court by order of transfer by the Supreme Court.

■ The granting of the temporary injunction was error. Appellees, holding under their lease, were not in possession of the land, and appellants have in no way interfered with any attempt on their part to take possession. The remedy by injunction can not be made a basis for the construction of the will and of the rights of appellees, claiming under their lease, and of appellants claiming under their lease; that is, the remedy by injunction can not afford a basis for adjudication of the superior title under the lease. The issue of title should not be adjudicated by an order granting a temporary injunction. Rogers v. Day, Tex.Civ.App., 20 S.W.2d 104; Id., Tex.Civ.App., 34 S.W.2d 310; Hodges v. Christmas, Tex.Civ.App., 212 S.W. 825; Vogelsang v. Gray, Tex.Civ.App., 224 S. W. 535.

■ The general rule is "that an injunction will not be granted when the person seeking it has a plain and adequate legal remedy as efficient to the ends of justice as the remedy in equity." Hill v. Brown, Tex.Com.App., 237 S.W. 252, 253;

First National Bank in Orange v. Coyle, Tex.Civ.App., 95 S.W.2d 1337. On this general principle, appellees' legal relief was adequate to the ends of justice. Before the institution of this suit appellants had not recorded their lease, but on the facts of the record, the world had notice of their interest to the same extent as if their lease had been recorded. Since appellants thus held their lease, appellees can not be injured by a subsequent transfer by appellants. Appellees' action for damages on this count, if they have a cause of action on this count, had matured before this suit was instituted, for which they have an adequate remedy at law. Any augmentation of these damages by appellants, on the facts of the record, would not entitle appellees to equitable relief; they had efficient legal relief.

Appellees can not be injured, beyond legal remedy, by any attempt on the part of appellants to develop the land for oil, pending final judgment on the issue of title. If appellants enter on the land and develop it for oil, producing oil, they do so at their peril, and the profits of their developments would inure to appellees, free of contribution on their part, for the reason that, knowing the facts of appellees' title, appellants, as a matter of law, would not be good faith developers of the land. Houston Production Co. v. Mecom Oil Co., Tex.Com.App., 62 S.W.2d 75. If appellees enter upon the land pending the litigation, in an attempt to develop it for oil, and by their attempt destroy the oil value of the land, then they would be liable to appellees for the damages suffered by them, in the event they should be cast in this suit. Humble Oil & Refining Co. v. Kishi, Tex.Com.App., 276 S.W. 190.

Appellees made no allegation that appellants were insolvent; in fact, the solvency of the Humble Oil and Refining Company is a matter of such general information that it falls within the judicial knowledge of the courts. Not only does it affirmatively appear that appellees had an adequate legal remedy, efficient and speedy for any wrong that they might suffer at the hands of appellants by its performance of any of the acts enjoined by the temporary injunction, but it affirmatively appears that the performance of these acts might result to their great benefit—the development of the land for oil in their interests, free of cost by them.

It follows that the judgment of the court granting the injunction should be reversed and the temporary injunction dissolved, and it is accordingly so ordered.

Judgment reversed and temporary injunction dissolved.