**A. H. CORNETT, Appellant,**

v.

**Wiley REYNOLDS et al., Appellees.**

No. 6582.

Court of Civil Appeals of Texas.

Amarillo.

April 2, 1956.

Rehearing Denied April 30, 1956.

Lumpkin & Watson, Amarillo, for appellant.

W. J. Craig, Clifford Braly and J. E. Thompson, Pampa, for appellees.

NORTHCUTT, Justice.

This is an appeal from a temporary injunction issued by the trial court restraining appellant, during pendency of this suit, from going in or upon or across or from driving cattle, horses, trucks, jeeps or trailer houses in or across or from pasturing cattle, horses, sheep, goats or any other

form of livestock or causing said livestock to go across any of the lands by this order found to be owned or leased by the plaintiffs, appellees herein.

In order that this case may be better understood, we here set out the lease from the State of Texas to appellant covering the Canadian River bed which is as follows:

"General Land Office } No. 41643
"Austin, Texas.

"Whereas, A. H. Cornett, Rt. 3, Box 144A, Amarillo, Texas, having filed in this office an application to lease the lands hereinafter described, and the first annual rental payment of ($371.98) Three Hundred Seventy One And 98/100 Dollars having been paid into this office as the first year's rental:

"Now, therefore I, J. Earl Rudder, Commissioner of the General Land Office of the State of Texas, by virtue of the authority vested in me by law, do hereby lease unto the said A. H. Cornett of Amarillo, Texas, for a term of *five* years, beginning at 12 o'clock noon, July 6, 1955, at seven cents per acre per annum, the following lands, to-wit:

"In Roberts County

"Approximately 5,314 acres of the Canadian River Bad bounded upstream by Roberts County line, bounded downstream by a line connecting the SE corner of Section 4, Block A, H&GN Ry Co. on the North side of the river, to the NE corner of Section 4, Block 46, H&TC Ry. Co. on the South side of the river.

"This lease made for grazing purposes only.

"The State will not assume any responsibility of a dispute that might arise between the Lessee and the riparian owners.

"This lease shall not be construed by the Lessee to convey any rights which would conflict with the rights of the riparian land owners or the right to exclude the public from the leased premises. The right of free ingress and egress is specifically reserved to the public for fishing, hunting, and other recreational purposes.

"This lease does not grant the right to remove any minerals or other substance of commercial value from the leased premises.

"This lease is made subject to the leasing of the land for mineral development and the rights acquired by any mineral leassee will be superior to the rights granted in this lease.

"The subsequent rental payments shall be paid to the Commissioner of the General Land Office at Austin, Texas, within sixty days of the anniversary dates hereof or this lease will be subject to cancellation.

"In Testimony Whereof, Witness my hand and the Seal of the General Land Office of the State of Texas, this the 6th day of July, 1955.

"(Seal)

"J. Earl Rudder
"Commissioner of the General Land Office.

"The State of Texas, }
"County of Roberts.

"I, M. M. Craig, Jr., County Clerk of Roberts County, Texas, do hereby certify that the above and foregoing is a true and correct copy of an instrument filed in my office on July 11, 1955, at 8:00 o'clock A.M. and which was not recorded, but was noted on the record of unsold public lands of the State of Texas. Said instrument not being recorded because it is only to be noted on the above named record.

"Witness my hand and seal of office, at Miami, Texas, this the 13th day of July, A. D. 1955.

"/s/ M. M. Craig, Jr.
"County Clerk, Roberts County, Texas."

This action was brought by the owners and lessees of lands fronting on the northerly and southerly banks of the Canadian River, bounded upstream by the Roberts County line and bounded downstream by a line connecting the Southeast corner of

Section Four (4), Block A, H&GN Ry. Co. on the North side of the river and to the Northeast corner of Section Four (4), Block 46, H&TC Ry. Co. on the South side of the river; being up and down the river for the same distance the appellant claims as to the river bed; plaintiffs, appellees herein, contending their land extends out into the river bed. It is to be noticed that the State specifically provided in its lease that the lease should not be construed by lessee, appellant herein, to convey any rights which would conflict with the rights of the riparian land owners. The appellant testified that he was using, and intended to use, from fence to fence showing definitely that he was going to use the property of the appellees to graze cattle upon and being property not covered by the lease.

▮▮▮ Under appellant's first point of error, he contends that under the settled law of this State a temporary injunction will not issue against a defendant who is in possession of land, depriving him of such possession, and that a temporary injunction will be issued only to preserve the status quo of the subject matter involved in the suit until final trial can be had; and, finally, contending an injunction should not issue and, if issued, cannot be sustained in the absence of a showing that injury to the plaintiffs of a substantial nature is threatened. We think the appellant's original premise is wrong. The appellees were the parties in possession of the property, some of them for more than sixty years and, under Art. 5414a of Vernon's Ann.Texas Civil Statutes, the riparian owners owned the land that appellant was claiming under his lease. There is no question but what the appellant intended to use in the future and was using at the time of the trial the land and grass belonging to the appellees because appellant so testified and that naturally would be injurious to the appellees and would be in the future. The status quo of the subject matter of the controversy in an injunction suit is generally the last actual peaceable non-contested status of the parties to the controversy which preceded the pending suit and which should be preserved until a final decree can be entered. The status quo in this case would be the peaceable non-contested status of the appellees before the appellant sought to interfere. It is stated in Dickard v. Crawley, Tex.Civ. App., 230 S.W.2d 833, 834:

"(1) We do not believe that the trial judge abused his discretion in granting the injunction that he did pending a trial of the case on its merits.

"(2) The granting or refusing of a temporary injunction is within the sound discretion of the court, and such order should not be disturbed on appeal unless it be shown that the trial judge abused his discretion. Bryan v. Darlington, Tex.Civ.App., 207 S.W.2d 681.

"(3) The purpose of the order was to preserve the 'status quo', which is the 'last actual, peaceable, non-contested status of the parties,' which preceded the pending suit and which should be preserved until final decree. 24 Tex. Jur. 123; City of Farmersville v. Texas-Louisiana Power Co., Tex.Civ.App., 33 S.W.2d 272."

See also the case of Shelton v. Palmer Grove Methodist Church, Tex.Civ.App., 279 S.W.2d 917, 918 where it is stated:

"'It is well settled that, in cases involving the title or right to possession of property, the courts will, by prohibitive injunction, restrain the disturbance of the status quo, or, by mandatory injunction, restore it, when the person seeking remedy was in peaceable and rightful possession of the premises, and his possession disturbed by trespass; the equities being such as to require that the possession thus wrongfully invaded be restored and the original status of the property be preserved, pending the decision of the issues in the case. Houston Funeral Home v. Boe, Tex.Civ.App., 78 S.W.2d 1091; Berwald's, Inc., v. Brown, Tex.Civ.App., 69 S.W.2d 221; Texas Pipe Line Co. v. Burton Drilling Co., Tex.Civ.App., 54 S.W.2d 190. The status quo in such cases is defined as being "the last actual, peaceable, non-contested status of

the parties to the controversy, which preceded the pending suit," City of Farmersville v. Texas-Louisiana Power Co., Tex.Civ.App., 33 S.W.2d 272, 275, * * *.'"

By appellant's remaining points of error, he complains of the court's action in limiting the appellant to the use of the land marked in red on the map and as shown in the order. We are of the opinion that the court was liberal with the appellant in such findings because, under the record in this case, there was sufficient evidence to show appellees claimed and owned and had held and used, for many years, even that portion of the river bed set aside to the appellant by the trial court.

Appellant's assignments of error are overruled. Judgment of the trial court is affirmed.