**Joe John OWENS et ux., Appellants,**

**v.**

**TEXACO, INC., et al., Appellees.**

**No. 6650.**

Court of Civil Appeals of Texas.

Beaumont.

May 30, 1963.

J. Robert Liles, Houston, for appellants.

W. C. McClain, Conroe, William S. Clarke, Houston, for appellees.

McNEILL, Justice.

Suit was instituted by Texaco Inc., Frank Pitts and Cleveland Realty & Investment Company as plaintiffs, seeking an injunction against Joe John Owens and wife, Mrs. Joe John Owens, defendants. Plaintiffs alleged they were the owners in fee simple of a certain acre of land situated in the Wm. Massey Survey in Montgomery County; that prior to February 10, 1963, they were in peaceable, lawful and exclusive possession of said land, but on said date defendants forcibly and without plaintiffs' permission, cut plaintiffs' fence in two different places, entered the enclosure and erected a tin shack thereon, 8′ x 16′ in dimension, and were in the act, with heavy equipment, of uprooting trees and grading a road leading to said shack. It was also alleged that defendants were in the process of enclosing the acre of land with a fence for the purpose of excluding plaintiffs therefrom. Because of these acts, plaintiffs prayed that notice be given and on hearing temporary mandatory writ of injunction be issued restraining and enjoining defendants from interfering with the peaceable and exclusive possession of plaintiffs' property and restoring to plaintiffs their prior peaceable and exclusive possession of said premises and further enjoining defendants from going upon said premises or remaining thereon or doing any other act in relation thereto. It was also prayed that said temporary injunction should "remain in full force and effect until final judgment is rendered in this cause; and upon final hearing

hereon, said temporary injunction be made permanent", and for other general and special relief at law or in equity. Defendants answered and alleged that they were the owners of the premises and rightfully entitled to possession thereof.

The court on February 23, 1963, held hearing on application for temporary injunction and at the conclusion thereof granted an order substantially as prayed for by plaintiffs, except that instead of providing that said temporary injunction shall be in force until final judgment or until further order of the court, this order provided that the injunction should remain in force and effect until defendants "by final judgment in an action in trespass to try title or other action commenced either as a cross-action herein or as an independent action, show a superior title in defendants" to the land involved. For further facts and description of the order, reference is made to our opinion in Cause No. 6651 styled Owens et ux., Relators, v. Hon. Coker, District Judge, et al., Respondents, Tex.Civ.App., 368 S.W.2d 777.

Defendants have appealed from the injunction granted. The parties will be designated here as they were in the trial court. Various points attack the judgment. None of these points raise the issue that the trial court's findings were without support, or were with insufficient support, in the evidence. However, in a reply brief filed on the date of the submission herein, defendants for the first time, although without point therefor, raise the issue that they were the possessors of the land within the meaning of the doctrine of the last prior peaceable possession of the premises, and the court erred in finding that plaintiffs were in the last peaceable possession. We have studied the Statement of Facts and are satisfied that the trial court's finding was justified. It was shown that plaintiffs were in prior peaceable, actual and exclusive possession of said acre, as well as of the surrounding tract of some 65 acres; that said 65 acre tract had been enclosed by a four-strand barbed wire fence from at least 1953 until 1960, during all of which time plaintiffs had such possession of the acre. In 1960 one Dr. Tom R. Jones, claiming that he owned the premises, cut the fence and through force took possession of some of the enclosed land and started erecting a shack thereon. Plaintiffs promptly obtained an injunction against him requiring him to vacate said premises and not to interfere with their possession thereof, unless and until he should show himself as plaintiff to be the owner thereof. This injunction remained in full force and effect until on October 10, 1962, at plaintiffs' suggestion, that suit was dismissed. The day thereafter, Dr. Tom R. Jones crawled through the barbed wire fence around the premises and, having given defendants Owens and wife a deed to the acre of land, instructed them to cut the fences, assisted them in moving material on the acre and helped them erect a tin shack once again on the premises. Plaintiffs, having discovered the second intrusion, promptly filed the present suit for injunction.

■ It appears that the actual controversy between the parties, Jones and the Owenses on the one hand and appellees on the other, is one involving the common boundary line between the William Massey Survey and the W. C. R. R. Co. Survey, No. 11, which lies to the west. Plaintiffs claim the land as being in the Massey and appellants are claiming it as part of the other survey. The findings made by the trial court are justified from the evidence and he did not abuse his discretion in granting the injunction. Cornett v. Reynolds, Tex.Civ. App., 289 S.W.2d 660.

· ■ It is the settled law of this state that the last prior peaceable, exclusive possession of land will be upheld by the court so that the status quo may be protected until trial on the merits. Hodges v. Christmas, Tex.Civ.App., 212 S.W. 825; Houston Funeral Home v. Boe, Tex.Civ.App., 78 S.W.2d 1091 and cases there cited; Taylor v. Gulf Oil Corp., Tex.Civ.App., 303 S.W.2d 541. Courts frown on self-help; to en-

courage the action on the part of defendants and Dr. Jones in this case is to encourage breaches of the peace, friction and bloodshed. Perry v. Stringfellow, Tex.Civ.App., 113 S.W.2d 1012 (Mod. 134 Tex. 328, 134 S.W.2d 1031). Courts are instituted for the purpose of settling differences between individuals and the course of action pursued by defendants and Jones reflected herein cannot be countenanced.

■ Prior peaceable possession is a well recognized doctrine of our state. It is presumed that one who has held prior peaceable possession for an extended time is the rightful owner of the premises and he who would challenge the possessor's right should carry the burden of proving his ownership to the land. He cannot, by stealth, fraud, force or wrongdoing, take possession of premises in the actual peaceable possession of another in order to force the other to carry the burden as plaintiff in an action of trespass to try title. Rogers v. Day, Tex.Civ.App., 20 S.W.2d 104; Rogers v. Day, Tex.Civ.App., 19 S.W.2d 577; Hodges v. Christmas, supra. See excellent article by John H. Crooker, Jr., 15 Tex.Law Review, 237–246.

■ Defendants urge that plaintiffs failed to show they had no adequate remedy at law. This was not necessary in the circumstances of this case. Jeff Chaison Town-Site Co. v. McFaddin, Wiess & Kyle L. Co., 56 Tex.Civ.App. 611, 121 S.W. 716; Cargill v. Buie, Tex.Civ.App., 343 S.W.2d 746; Shelton v. Palmer Grove Methodist Church, Tex.Civ.App., 279 S.W.2d 917.

■ Complaint is made that the trial court rendered what was in effect a permanent injunction when the hearing was one on whether a temporary injunction should be issued and that the injunction went further than the prayer contained in the petition. We sustain this point. The injunction did go further than the prayer therefor. James v. E. Weinstein & Sons, (Tex.Com.App.) 12 S.W.2d 959; 31 Tex. Jur.(2) 252. This was error. Houston

Belt & Ter. Ry. Co. v. T. & N. O. R. Co., 155 Tex. 407, 289 S.W.2d 217. In view of the quotation from the prayer above, the injunction granted should be modified so as to remain in full force and effect "until final judgment is entered in this cause".

Injunction modified and as modified affirmed. Costs of appeal are adjudged one-half against plaintiffs, and one-half against defendants.