**M. F. RAINE and Helen B. Raine,
Appellants,**

v.

**J. P. SEARLES, Appellee.**

No. 5265.

Court of Civil Appeals of Texas.

El Paso.

May 15, 1957.

Rehearing Denied June 5, 1957.

Frank O. Ray, Alpine, for appellants.

Lucius D. Bunton, Marfa, for appellee.

FRASER, Justice.

This is an appeal from the District Court of Presidio County, wherein the court had granted a temporary restraining order to appellee and, after hearings, granted a temporary injunction. These writs forbade appellants from removing a certain itemized list of household goods from Presidio County. The appeal here is from the court's action in granting the temporary injunction.

In the year 1952, appellants had given a bill of sale to the furniture to appellee. Appellee pleads that he learned that appellants were planning to move to Martin County and take the furniture with them, and that upon learning this fact he promptly applied for and received a temporary restraining order. A bond of $1,000 was executed by appellee.

Without going into the merits of the case as suggested and plead by both parties, we must say, at the outset, that we do not feel that appellee sufficiently plead or presented enough facts to entitle him to the relief obtained.

Equity has always been available to those who do not have an adequate remedy at law. It is a matter of history, well known to all attorneys, that equity was created to relieve those who had a right without an adequate remedy, as illustrated by its origin, wherein the king of England granted direct relief to owners of properties that were being regularly flooded by owners of gristmills. But equity has always been restricted, and allowed to function only when the litigant can satisfactorily evidence the fact that he does not have an adequate legal remedy at hand. This is especially true of injunctions, because they are a harsh remedy, and, as such, must be carefully regulated and confined to proper cases. It is therefore incumbent upon the applicant seeking an injunction to affirmatively plead and prove that he is without legal remedy. This burden he must discharge before the court is authorized to grant injunctive relief. In the case before us, appellee has failed to negative the existence of adequate legal remedy. It is not made clear why the writ of sequestration, although it probably would involve a higher bond, was not and is not available and adequate. Paragraph number 2 of Article 6840, Vernon's Ann.Civ.St., specifically provides that the writ of sequestration may issue when a person sues for title or possession of any personal property and makes oath that the person in possession thereof will, among other things, remove the same out of the limits of the county. It will be noted that, in appellee's prayer

in his original petition, he asks that defendants be required to deliver the personal property involved to him. While there has been some conflict, we feel that the better rule is that unless there is specific statutory authority to the contrary, it is essential to the granting of injunctive relief that there be no adequate remedy at law available: Texas Practice—Injunction and other Extraordinary Procedures—Lowe and Archer, paragraph 313; Burdette v. Bell, Tex.Civ. App., 218 S.W.2d 904 (no writ history).

We have carefully considered the record in this case, and have concluded that we must hold that the trial court is in error. The temporary injunction granted by the trial court is accordingly dissolved, and appellee's application for such temporary injunction denied.

McGILL, J., not participating.