**TRANS CARIBBEAN LINES, INC. and International Trans Caribbean Navigation, Inc., Plaintiffs,**

v.

**TRACOR MARINE, INC., Kurt's Marine Diesel, Inc., the Metalock Corporation, and Engineered Mechanical Services, Inc., Defendants.**

Bankruptcy No. 79–6567–Civ.

United States District Court, S.D. Florida.

May 8, 1985.

James L. Dennis, Fowler, White, Burnett, Hurley, Banick & Strickroot, P.A., Miami, Fla., for plaintiffs.

David L. Sullivan, Mitchell, Harris, Canning, Murray & Usich, P.A., Miami, Fla., for Tracor Marine, Inc.

James B. Denman, Bunnell, Denman & Woulfe, P.A., Fort Lauderdale, Fla., for Kurt's Marine Diesel, Inc.

Richard F. Ralph, Miami, Fla., Jan Marie Hayden, Bronfin, Heller, Steinberg & Berins, New Orleans, La., for Metalock Corp. and Engineered Mechanical Services, Inc.

## ORDER

PAINE, District Judge.

This cause came to be heard on the motion for a new trial, filed on May 2, 1985 (Docket Entry 213) by Defendants The Metalock Corporation (hereinafter "Metalock") and Engineered Mechanical Services, Inc. ("EMS"). In their motion, these Defendants ask this Court to reconsider and vacate its decision to discharge the Defendants Tracor Marine, Inc. ("Tracor") and Kurt's Marine Diesel, Inc. ("Kurt's") from liability on the crossclaims for contribution asserted against Tracor and Kurt's by Metalock and EMS. This decision was made by this Court in an order dated and filed on March 11, 1985 (Docket Entry 211), and it is contingent on the entry of a stipulation of settlement and dismissal between Plaintiffs and the Defendants Tracor and Kurt's. Subsequent to the entry of that order, this Court approved a stipulation of dismissal between Plaintiffs and the Defendant Kurt's (Docket Entry 212, approved and filed on April 23, 1985). Pursuant to that stipulation, all crossclaims asserted against Kurt's by the other Defendants have been dismissed with prejudice. To date, no stipulation of dismissal between Plaintiffs and the Defendant Tracor has been received. This Court anticipates that, upon the receipt of such a stipulation, this Court will dismiss the crossclaims asserted against Tracor by Metalock and EMS.

As grounds for their motion, Metalock and EMS (both of whom have filed petitions for reorganization under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 1101 et seq.) argue that this Court's decision to dismiss the crossclaims asserted by these Defendants violates the automatic stay provisions of Section 362 of the Bankruptcy Code, 11 U.S.C. § 362. Metalock and EMS further object that this Court's decision was rendered "without the serving of any notice of hearing on the motion to settle and dismiss the cross-claim and without a hearing." (Defendants' memorandum in support of their motion (Docket Entry 214), at p. 2.)

█ Taking the later objection (as to lack of notice) first, this Court finds it to be without merit. Neither the Federal Rules of Civil Procedure, the Local Rules of this District, nor the practice of this Court re-

quired that a hearing be held on the issues considered in this Court's order dated March 11, 1985. That order was rendered in response to the motions filed by Kurt's on December 12, 1984 (Docket Entry 204) and by Tracor on December 18, 1984 (Docket Entry 206), and the reply filed by Plaintiffs on February 8, 1985 (Docket Entry 210). All three of these pleadings bear certificates of service stating that copies of these pleadings were served on counsel for Defendants Metalock and EMS. In its order dated March 11, 1985, this Court noted that neither Metalock nor EMS had filed any pleading, as of the date of that order, in response to the motions of Kurt's and Tracor (filed in December, 1984). Rule 10(C) of the Local Rules of this District provides that

Each party opposing a motion shall serve and file a reply memorandum not later than five days after service of the motion as computed in the Federal Rules of Civil Procedure. Failure to do so may be deemed sufficient cause for granting the motion by default.

The motion filed by Metalock and EMS on May 2, 1985, is the first response made by them to the motions filed by Kurt's and Tracor in December, 1984, and this Court's order dated March 11, 1985. This response is untimely. Metalock and EMS cannot, and do not, claim that they were without notice of the motions of Kurt's and Tracor, for Metalock and EMS quote from these motions in their memorandum filed on May 2, 1985.

■ As explained in the order dated March 11, 1985, this Court's decision to dismiss the crossclaims was made pursuant to the Uniform Contribution Among Tortfeasors Act, as enacted in Florida, Fla.Stat. Ann. § 768.31 (West) (1975), and applied by this Court in this admiralty action. Metalock and EMS argue that the automatic stay provisions of 11 U.S.C. § 362 prohibit this Court from entering an order pursuant to the Uniform Act.

■ The answer to this argument is that "Section 362 by its terms only stays proceedings *against* the debtor. The statute does not address actions brought *by* the debtor...." *Assoc. of St. Croix Condominium Owners v. St. Croix Hotel Corp.*, 682 F.2d 446, 448 (3d Cir., 1982). Section 362 does not stay the independent prosecution of a counterclaim by a party in reorganization. *In re Regal Construction Company, Inc.*, 28 B.R. 413, 416 (D.Md., Bkrcy., 1983). If *prosecution* of a counterclaim (or a crossclaim) is not barred by Section 362, then *dismissal* of that counterclaim (or crossclaim) cannot be prohibited by that statute. This Court believes that the argument of Defendants Metalock and EMS, in opposition to this Court's decision to dismiss their crossclaims in this action, is without merit. This Court will, therefore, deny their motion for a new trial.

As noted earlier in this order, this Court has not yet received a stipulation of settlement and dismissal between Plaintiffs and Defendant Tracor. This Court will, by this order, direct these parties to provide such a stipulation to this Court forthwith, in the event that they have, indeed, reached an agreement in settlement of their claims in this action. Should no such stipulation be received, this Court will proceed with the trial of the claims asserted against Tracor in this action (including the crossclaims of Metalock and EMS, which have not yet been dismissed as against Tracor).

Accordingly, it is ORDERED and ADJUDGED as follows:

1. The motion for a new trial filed on May 2, 1985, by Defendants The Metalock Corporation and Engineered Mechanical Services, Inc. (Docket Entry 213) is hereby denied, on the grounds that the motion is untimely, and that Section 362 of the Bankruptcy Code, 11 U.S.C. § 362, does not prohibit this Court from dismissing the crossclaims asserted by these Defendants in this action.

2. In accordance with this Court's order dated and filed on March 11, 1985 (Docket Entry 211), Plaintiffs and Defendant Tracor Marine, Inc. are directed to provide this Court with a proper stipulation of settlement and dismissal (if those parties have,

indeed, reached an agreement in settlement of their claims in this action).  This action is hereby reset for nonjury trial, on the claims against Defendant Tracor Marine, Inc., in this Court's trial period beginning Tuesday, May 28, 1985.  Calendar call for this trial period will be held at 9:00 a.m., on Friday, May 24, 1985, at the United States Courthouse, in West Palm Beach, Florida. Counsel for Plaintiffs and Defendant Tracor Marine, Inc. (and for Defendants The Metalock Corporation and Engineered Mechanical Services, Inc., should they wish to prosecute their crossclaims against Defendant Tracor Marine, Inc.) must be present at this calendar call, unless a stipulation of settlement and dismissal between Plaintiffs and Defendant Tracor Marine, Inc. has been received and approved by this Court prior to that date.