Robert John DYER, et ux, Appellants,

v.

Patsy WEEDON, Appellee.

No. 10–88–123–CV.

Court of Appeals of Texas,
Waco.

April 20, 1989.

Bryan F. Russ, Jr., Palmos, Russ, McCullough & Russ, Hearne, for appellants.

Gayle Wilson Ray, Buffalo, for appellee.

## OPINION

MEANS, Justice.

This appeal from an interlocutory order of the 87th Judicial District Court, Leon County, concerns a mandatory injunction issued against Appellants commanding them to vacate certain property in that county. We believe that this Court and the district court are prevented from hearing this case by an automatic stay under the Federal Bankruptcy Code, 11 U.S.C. § 362(a). If not, we hold that the injunction was improperly granted and should be dissolved.

Appellants, Robert and Georgia Dyer ("the Dyers"), live in a house on 20 acres of land ("the property") in Leon County which they leased from Appellee, Patsy Weedon ("Weedon"), for one year at a monthly rental of $3,000. The parties executed an instrument entitled "Lease Agreement with Option to Purchase," giving the Dyers the right to buy the property for $175,000 at any time during the original term of the lease. One hundred percent of the Dyers' rental payments were to be credited against the purchase price and Weedon was to finance the acquisition.

The Dyers timely exercised their option to purchase the property after making 12 rental payments ($36,000). Nevertheless, Weedon refused to convey. As justification, she cited the Dyers' failure to make ten of the payments on time, their payment twice with "hot" checks (subsequently redeemed), and the lease provision obligating her to finance the Dyers' purchase—a prospect she wished to avoid in view of the Dyers' rent payment history. Weedon admitted, however, that she accepted all of the Dyers' late payments and that the Dyers were not in default when they exercised their option to purchase.

The Dyers promptly sued Weedon seeking specific performance of the lease/option. They also stopped paying monthly rentals, insisting that they were entitled to a deed and to seller-financing of their purchase from Weedon. Weedon filed a general denial.

After discovery had begun, Weedon filed a voluntary petition in the U.S. Bankruptcy Court for the Western District of Texas, Waco Division, invoking the automatic stay against continuation of a judicial proceeding against the debtor. *See* 11 U.S.C. § 362(a) (1976). In disregard of the stay, the parties thereafter skirmished in both the justice and district courts.

The district judge initially issued a temporary restraining order preventing Weedon from ousting the Dyers through an action in forcible detainer. The judge refused, though, to *enjoin* Weedon after the Dyers failed to meet his requirement that

they first deposit $15,000 into the registry of the court. Presumably, that sum represented the holdover rental that would have then been due Weedon should trial on the merits have demonstrated no right in the Dyers to specific performance.

Encouraged by the district court's refusal to enjoin her efforts at ouster, Weedon next requested the district court to remove the Dyers and place her in possession. The district court granted her request via an instrument entitled "Order Granting Injunction."

In that order, the trial judge recited that he had previously ordered the Dyers to pay $15,000 into the court's registry and that the Dyers' refusal to do so constituted a failure to do equity. He therefore commanded them to leave the property. From that mandatory injunction, the Dyers appeal.

■ The Dyers assert that the trial court abused its discretion by granting Weedon a mandatory injunction because all proceedings were stayed by Weedon's bankruptcy filing. We disagree that the trial court abused its discretion. The trial court had no discretion in this matter because all proceedings were halted by the automatic stay of 11 U.S.C. 362(a). Consequently, the order granting injunction and ordering the Dyers off of the property is null and void. *See In re Roxse Homes, Inc.,* 74 B.R. 810, 814 (Bankr.D.Mass.1987); *In re Smith Corset Shops, Inc.,* 696 F.2d 971, 976 (1st Cir.1982); *Kalb v. Feuerstein,* 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370 (1940).

Weedon argues that only proceedings *against* a debtor in bankruptcy are stayed and that the debtor may pursue actions, including counterclaims, against others. She cites *In re Regal Construction Company, Inc.,* 28 B.R. 413, 416 (Bankr.D.Md. 1983).

*Regal* and other federal bankruptcy and district court cases assert that the automatic stay of 11 U.S.C. § 362(a) extends only to actions "against the debtor." *See, e.g., Trans Caribbean Lines, Inc., v. Tracor Marine, Inc.,* 49 B.R. 360, 362 (S.D.Fla. 1985); *In re Convention Masters, Inc.,* 46 B.R. 339, 341 (Bankr.D.Md.1985). Those

cases, in turn, almost invariably cite and rely upon this comment in *Assoc. of St. Croix Cond. Owners v. St. Croix Hotel,* 682 F.2d 446, 448 (3d Cir.1982): "Section 362 by its terms only stays proceedings *against* the debtor. The statute does not address actions brought *by* the debtor which would inure to the benefit of the bankruptcy estate." (Emphasis original). *Regal* and its progeny employ that statement to support their holdings that counterclaims brought by a debtor are not stayed even though claims against the debtor in the same action are stayed.

However, the reasoning and the holding in *St. Croix* contradict *Regal* on that point, and support instead our ruling in this case. In *St. Croix,* the Association sued the Hotel and secured a money judgment. The Hotel counterclaimed and was granted a money judgment of its own. Both appealed. When the Court of Appeals discovered that the Hotel had intermediately filed a petition in bankruptcy, it perceived for itself a threshold question: is the automatic stay effective on appeal and, if so, against whom—the creditor only, or the debtor also?

The stay is effective against both, the court reasoned, because § 362(a) should be read to stay *all appeals* in proceedings that were originally brought against the debtor. Under that test, the court deemed both appeals stayed because they arose out of a proceeding brought against the debtor Hotel. The court then directed the district court to similarly respect the stay provision of § 362(a) by staying *all proceedings* in that court, including the debtor's counterclaim. *Id.* at 449.

The only Texas case on point is *Howard v. Howard,* 670 S.W.2d 737 (Tex.App.—San Antonio 1984, no writ), involving a debtor-initiated suit. There, the court ruled that the entire proceeding was stayed, citing *In re Critical Fork Corp.,* 18 B.R. 422 (Bankr.W.D.Va.1982). In *Critical Fork* the court held that "the filing of a petition for relief in bankruptcy court effectively stops any further action in proceedings involving the debtor pending in other courts, regardless of whether the debtor is plain-

tiff or defendant." *Id.*, at 423. However, the basis for that holding was not the automatic stay of § 362(a) but was instead 11 U.S.C. § 364(b), which prohibits the debtor from incurring debt (like attorney's fees) except in the ordinary course of business.

While *Critical Fork* and *Howard* support the result we reach in this case, we believe that the reasoning and policy considerations underlying the holding in *St. Croix* form the proper basis for our holding here. There, as here, the unfairness of permitting the debtor to pursue its counterclaims while staying the claims of its opponent is obvious. That unfairness is not academic, nor is it trifling. We, as did the court in *In re Wengert Trans., Inc. v. Crouse Cartage Co.*, 59 B.R. 226, 228 (Bankr.N.D.Iowa 1986), perceive disturbing due process problems with such a result. Accordingly, we refuse to follow *Regal* and its progeny. We hold that neither the Dyers nor Weedon could proceed with their claims or defenses in either the district or appellate courts of this state absent an order of the bankruptcy court lifting the automatic stay.

■ Even if the automatic stay were not effective against the commencement or continuation of Weedon's action to enjoin the Dyers, the injunction should not have issued. We reluctantly conclude that if the trial court could proceed, it abused its discretion by granting the mandatory injunction. We do so recognizing that appellate review of an order granting a temporary injunction is strictly limited to a determination of whether there has been a clear abuse of discretion by the trial court in granting or denying the interlocutory order. *Brooks v. Expo Chemical Co., Inc.*, 576 S.W.2d 369, 370 (Tex.1979). The appellate court may not substitute its judgment for that of the trial court. *Texas Foundries v. International Molders & F. Wkrs.*, 151 Tex. 239, 248 S.W.2d 460, 463 (1952).

■ First, Weedon was not entitled to a temporary injunction unless she pleaded and proved that she was without legal remedy. *Raine v. Searles*, 302 S.W.2d 486, 487 (Tex.Civ.App.—El Paso 1957, no writ). Whether or not she may be said to have negatived the existence of an adequate legal remedy in her pleading, she did not do so in her proof.

Weedon offered no proof as to why she could not be adequately compensated in money damages should the Dyers' continued possession be held unlawful upon trial on the merits. Neither did she show that her damage was not able to be measured by a definite, certain or usable pecuniary standard. *See McGonagill v. Hide-a-Way Lake Club, Inc.*, 566 S.W.2d 371, 375 (Tex. Civ.App.—Tyler 1978, no writ); 6 Texas Practice (Lowe) Sec. 114 (2d ed. 1973).

■ Weedon did complain at the hearing on her motion for injunction that the Dyers had been untimely with ten of their twelve $3,000 payments and that two payments were initially made with "hot" checks. She also testified that a financial statement she had received from the Dyers was false, but she did not produce it or show how it was false or provide anything other than her own assertion that the Dyers "haven't got anything." It is true that insolvency is a consideration in determining if an adequate remedy at law exists. *See Humble Oil & Refining Co. v. Luckel*, 154 S.W.2d 155, 157 (Tex.Civ.App.—Beaumont 1941, writ ref'd w.o.m.). But insolvency must be proven, and Weedon's suppositions and unsupported allegations of the Dyers' financial incapacity did not accomplish that task.

Besides failing to prove the legal insufficiency of money damages, Weedon failed to show the inadequacy of an action in trespass to try title or a suit for possession. Accordingly, she is not entitled to the equitable remedy of injunction.

■ Moreover, an injunction is not the proper remedy to try title or right of possession to property; it is not a possessory remedy to oust one in possession. Otherwise stated, peaceable but disputed possession of property will not be transferred by temporary injunction. *Morgan v. Brannon*, 95 S.W.2d 509, 510 (Tex.Civ.App.—Eastland 1936, no writ). The Galveston Court of Civil Appeals may have said it best more than 75 years ago:

An injunction is not a remedy which can be used for the purpose of recovering title or right of possession of property, and it is not the function of a preliminary injunction to transfer the possession of land from one person to another pending an adjudication of the title, except in cases in which the possession has been forcibly or fraudulently obtained by the defendant and the equities are such as to require that the possession thus wrongfully invaded be restored, and the original status of the property be preserved pending the decision of the issue of title.

*Simms v. Reisner,* 134 S.W. 278, 280 (Tex. Civ.App.1911, no writ).

 Closely related to the issues of whether Weedon had an adequate remedy at law and whether injunction is proper to transfer possession of land in dispute, is the question raised by the Dyers' first point of error: may an injunction be used to disturb the status quo? To the extent that question is not answered by *Simms, supra,* the Texas Supreme Court answered it in *Davis v. Huey,* 571 S.W.2d 859, 862 (Tex.1978): "At a hearing upon the request for a temporary injunction the only question before the trial court is whether the applicant is entitled to preservation of the status quo ... pending trial on the merits."

 Status quo, in cases involving possession of real property, is the last actual, peaceable, non-contested status of the parties and real property which existed immediately prior to the pending lawsuit. *Owens v. Texaco, Inc.,* 368 S.W.2d 780 (Tex. Civ.App.—Beaumont 1963, no writ); *Cornett v. Reynolds,* 289 S.W.2d 660, 662 (Tex. Civ.App.—Amarillo 1956, writ ref'd n.r.e.). Here, at status quo, the Dyers were in possession either as tenants holding over, or more likely, as holders of equitable title. *See Lefevere v. Sears,* 629 S.W.2d 768, 770 (Tex.Civ.App.—El Paso 1981, no writ); *Lewis v. Brown,* 321 S.W.2d 313, 315 (Tex. Civ.App.—Ft. Worth 1959, writ ref'd n.r.e.). By ousting the Dyers and installing Weedon, the trial judge did not preserve the status quo—he reversed it.

Our holding on the appellants' points one, two, and eight makes consideration of their remaining points unnecessary. The trial court's order granting the temporary injunction is void as in contravention of the automatic stay. Should we be in error on that point, however, the order is reversed, and the temporary injunction is dissolved.