Reversed and Dismissed and Memorandum Opinion filed February 7, 2008








Reversed
and Dismissed and Memorandum Opinion filed February 7, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00415-CV

____________

 

EPG, INC. & STANTON HOLT, Appellant

 

V.

 

RDM, INC., Appellee

 



 

On Appeal from the 129th
District Court

Harris County, Texas

Trial Court Cause No. 2007-16186

 



 

M E M O R A N D U M   O P I N I O N








This is an accelerated, interlocutory appeal[1]
from the granting of a temporary injunction against appellants, EPG, Inc. (EPG)
and Stanton Holt, in favor of appellees, RDM, Inc. (RDM), Paul McElroy, Nick
Incrapera, Peter Holt, and Judson Holt.  After an evidentiary hearing, the
trial court entered a temporary injunction requiring Stanton  and EPG to turn
over or release to RDM all assets and property maintained for and/or belonging
to the limited partnerships including but not limited to marketing files and/or
records, human relations files and/or record, accounting files and/or records,
ledgers, checkbooks, computer equipment, management fees, general fees, and
administrative fees.  Additionally, Stanton and EPG were prohibited from
interfering in any way with RDM=s management and collection of fees.  In
six issues, appellants contend the trial court abused its discretion by
granting a temporary injunction because (1) the trial court altered the status
quo between the parties; (2) appellee=s suit was barred
by the doctrine of unclean hands; (3) appellee failed to show a probable right
of recovery; (4) the injunction awarded appellee all relief requested; (5) the
injunction awarded appellee possessory rights; and (6) the trial court failed
to balance the equities, burdens, and hardships of the parties.  

Factual and Procedural Background

Stanton is the founder of a restaurant chain called Lupe
Tortilla.  Stanton began his business with one Lupe Tortilla restaurant.  The
restaurant was a success, so he began considering the idea of expanding his
business.  In 1995, Stanton formed EPG to serve as the general partner for his
expansion restaurants.  Stanton was the sole director and a shareholder of
EPG.  Judson Holt, Peter Holt, Paul McElroy, and Nick Incrapera were also
shareholders of EPG and served as officers for the corporation.  From approximately
1997 to 2006, EPG developed and opened six more Lupe Tortilla restaurants in
the Houston vicinity.  Each expansion restaurant was formed as a limited
partnership with EPG serving as its general partner.  Each limited partnership
was named Tres Habaneros followed by a reference to its location.  








Around March 2007, disagreements began to form between
Stanton and Judson, Peter,  McElroy, and Incrapera.  On March 7, 2007, McElroy
was removed from his position as Chief Executive Officer (CEO) and President of
EPG.  Each side presented conflicting stories as to why McElroy was
terminated.  Stanton and EPG alleged that at the meeting on March 7, Judson,
Peter, McElroy, and Incrapera insisted Stanton give up his voting control of
the corporation.  Appellants claimed McElroy advised Stanton he would no longer
go forward with the plan to build additional Lupe Tortilla restaurants unless
Stanton gave up this control.  After hearing this, Stanton felt he had no other
choice but to remove McElroy as CEO and President of EPG, but Stanton testified
he subsequently offered McElroy a lateral position as Chief Financial Officer,
which McElroy refused to accept.  According to RDM, McElroy never refused to go
forward with the expansion plan, and Stanton unilaterally decided to fire
McElroy for no reason during their meeting on March 7.

On March 8, 2007, one day after being removed as CEO and
President of EPG, McElroy formed another corporation called RDM.  That same
day, Judson, Peter, and Incrapera signed the Certificate of Formation as
officers of RDM, while still employed as officers of EPG.  Judson admitted RDM
was formed with the purpose of taking over EPG=s position as
general partner.  On March 9 and 10, McElroy held meetings with some of EPG=s limited
partners, including Judson and Peter.  During the meetings, McElroy discussed
with the limited partners the idea of replacing EPG with RDM as general
partner, and he presented a form for them to sign agreeing to remove EPG. 
Stanton, as a limited partner, and EPG, as the general partner, never received
notice of the meetings.  The following week, McElroy worked to secure enough
limited partners= signatures to effectuate the removal of
EPG as the general partner for each of the Tres Habaneros limited partnerships.








EPG and Stanton were unaware of these actions until March
19, 2007, when RDM delivered a letter to EPG=s corporate office
informing it that 75% of the sharing ratio of the limited partners for each
Tres Habaneros partnership had voted to remove EPG and replace it with RDM. 
The letter also demanded EPG to turn over the limited partnerships= assets and
property to RDM.  Stanton refused to turn over the property and assets.  That
same day, RDM filed suit against Stanton for conversion and also sought a
temporary restraining order and temporary injunction.  The trial court signed a
temporary restraining order requiring Stanton and EPG to safeguard and maintain
the assets and property belonging to the limited partnerships and requiring the
information be available to RDM and its designated representatives for
inspection.  On April 26, 2007, the trial court signed a temporary injunction
requiring Stanton and EPG to turn over or release to RDM all assets and
property maintained for and/or belonging to the limited partnerships including
but not limited to marketing files and/or records, human relations files and/or
record, accounting files and/or records, ledgers, checkbooks, computer
equipment, management fees, general fees, and administrative fees.  The
temporary injunction is the basis of this appeal.

Discussion

A.      Did the
Trial Court Fail to Maintain the Status Quo?

In their first issue, appellants claim the trial court
abused its discretion because it altered the status quo by requiring EPG to
turn over or release to RDM all of the limited partnerships= assets and
property.

1.       Standard
of Review

An applicant for a temporary injunction seeks extraordinary
relief.  In re Tex. Natural Res. Conservation Comm=n, 85 S.W.3d 201, 204
(Tex. 2002).  The sole issue before the trial court in a temporary injunction
hearing is whether the applicant may preserve the status quo of the litigation=s subject matter
pending trial on the merits.  Davis v. Huey, 571 S.W.2d 859, 862 (Tex.
1978).  The status quo is the last actual, peaceable, noncontested status which
preceded the pending controversy.  RP&R, Inc. v. Territo, 32 S.W.3d
396, 402 (Tex. App.CHouston [14th Dist.] 2000, no pet.).  An
applicant must plead and prove three elements to obtain a temporary injunction:
(1) a cause of action against the defendant; (2) a probable right to the relief
sought; and (3) a probable, imminent, and irreparable injury in the interim.  Butnaru
v. Ford Motor Co., 84 S.W.3d 198, 204 (Tex. 2002). 








The applicant for the temporary injunction is not required
to establish that he or she will prevail upon a final trial on the merits.  Walling
v. Metcalfe, 863 S.W.2d 56, 58 (Tex. 1993).  The merits of the applicant=s suit are not
presented for review.  Davis, 571 S.W.2d at 861.  Our review is strictly
limited to whether the trial court clearly abused its discretion in granting
the temporary injunction.  Id. at 862.  We may not substitute our
judgment for that of the trial court by vacating or modifying an injunction
simply because we would have decided the issue differently.  Landry=s Seafood Inn
& Oyster Bar-Kemah, Inc. v. Wiggins, 919 S.W.2d 924, 926 (Tex. App.CHouston [14th
Dist.] 1996, no writ).  Further, we may not reverse the trial court=s order granting a
temporary injunction unless its decision was so arbitrary that it exceeded the
bounds of reasonable discretion.  Butnaru, 84 S.W.3d at 204.  However,
it is an abuse of discretion for the trial court to issue a temporary
injunction which alters the status quo.  See Dyer v. Weedon, 769 S.W.2d
711, 715 (Tex. App.CWaco 1989, no writ).  The trial court does
not abuse its discretion if the applicant pleads a cause of action and presents
some evidence tending to sustain that cause of action.  RP&R, Inc.,
32 S.W.3d at 400.  Furthermore, as the trial court functions as the fact finder
in a temporary injunction hearing, an abuse of discretion does not exist where
the trial court based its decision on conflicting evidence.  Davis, 571
S.W.2d at 862.  As the reviewing court, we must draw all legitimate inferences
from the evidence in the light most favorable to the trial court=s order granting a
temporary injunction.  T-N-T Motorsports, Inc. v. Hennessey Motorsports,
Inc., 965 S.W.2d 18, 21 (Tex. App.CHouston [1st
Dist.] 1998, pet. dism=d).    

2.       Analysis

We begin by noting that the status quo is not necessarily
the situation as it existed at the time the trial court entered its order.  See
McLean v. Employers Cas. Co., 381 S.W.2d 582, 584 (Tex. Civ. App.CDallas 1964, no
writ).  Rather, as stated above, the status quo is the last actual, peaceable, noncontested
status which preceded the pending controversy.  RP&R, Inc., 32
S.W.3d at 402.           








Appellants contend the trial court abused its discretion
because it altered the status quo by requiring EPG to turn over or release to
RDM all of the limited partnerships= assets and
property.  Appellees, on the other hand, assert the trial court properly
granted the temporary injunction because the last actual, peaceable,
noncontested status was when RDM took over as the general partner.  We cannot
agree with appellees.  It is undisputed the parties hotly contest the status of
RDM as the general partner.  This status, therefore, cannot constitute the
status quo to be protected pending a trial on the merits.  See Benavides
Indep. Sch. Dist. v. Guerra, 681 S.W.2d 246, 249 (Tex. App.CSan Antonio 1984,
writ ref=d n.r.e.).  If an
act of one party alters the relationship between that party and another, and
the latter contests the action, the status quo cannot be the relationship as it
exists after the action.  Id.  In this case, McElroy, Judson,
Peter, and Incrapera formed RDM with the purpose of taking over EPG=s position as
general partner, they failed to notify both EPG and Stanton of multiple
meetings held with the other limited partners, and they subsequently replaced
EPG with RDM as the general partner.  These actions altered the relationship
between the two parties, and appellants contest these actions on multiple
grounds.  Accordingly, the status quo cannot be the relationship as it existed
after RDM took over as the general partner.  See id. (rejecting school
district=s argument that
the status quo to be maintained was the part-time employment status of employee
before the suit was filed because school district had altered the relationship
by reducing employee=s status from full-time to part-time and
employee properly contested this action).  








Thus, the last actual, peaceable, noncontested status was
when EPG served as the general partner and maintained the assets and property
for each of the Lupe Tortilla limited partnerships.  The temporary injunction
ordered by the trial court required appellants to turn over or release to RDM
all assets and property, which disturbs the status quo.  We conclude the trial
court abused its discretion by entering the temporary injunction and altering
the status quo.  Accordingly, we sustain appellant=s first issue. 
The judgment of the trial court is reversed, and the order granting the
temporary injunction is dissolved.  Because of our disposition on this point of
error, we need not reach appellant=s remaining
points.  Tex. R. Civ. P. 47.1 

Conclusion

Having sustained appellant=s first issue, we
reverse the judgment of the trial court and dissolve the order granting the
temporary injunction.

 

                                                              

 

 

/s/      John S. Anderson

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed February 7, 2008.

Panel consists of
Chief Justice Hedges and Justices Anderson and Seymore.

                   

 

 









[1]  Tex. Civ. Prac. & Rem. Code Ann. ' 51.014(a)(4) (Vernon Supp. 2007).