**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-14-00038-CV**
_____

**GINGER A. BEELER AND DONALD R. BEELER JR., Appellants**

**V.**

**BETSY HANCHEY, Appellee**

**On Appeal from the 88th District Court**
**Hardin County, Texas**
**Trial Cause No. 54337**

**MEMORANDUM OPINION**

In an accelerated appeal, Ginger A. Beeler and Donald R. Beeler Jr. ask that we dissolve the trial court's temporary injunction order that largely prohibits them from conducting any activity on two tracts of land in Hardin County, Texas. In her original petition, Betsy Hanchey asserted that she "is and has been an owner of an undivided interest in the [two tracts at issue]." In response to Hanchey's petition, Ginger answered and counterclaimed; in her counterclaim, Ginger alleged that she

1

acquired title to all of one of the tracts and some of a second by adverse possession. The trial court rendered a temporary order that, among other activities, enjoined the Beelers from entering the disputed properties.

The order granting Hanchey's request for a temporary injunction neither sets a bond nor specifies a date for a trial on the merits of the parties' claims—both requirements that are mandated by the Texas Rules of Civil Procedure. *See* Tex. R. Civ. P. 683, 684. As a result, the order is void. We dissolve the temporary injunction order and remand the case to the trial court for further proceedings consistent with this opinion.

Standard of Review

We review a trial court's interlocutory ruling on a party's request for a temporary injunction for abuse of discretion. *Davis v. Huey*, 571 S.W.2d 859, 861-62 (Tex. 1978). An abuse of discretion occurs when a trial court acts in an unreasonable or arbitrary manner. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

In a case where a party demands an injunction to protect an interest that involves who should remain in possession of real property pending a trial on the merits, a trial court is required to decide "the last actual, peaceable, non-contested status of the parties and real property which existed immediately prior to the

pending lawsuit." *Dyer v. Weedon*, 769 S.W.2d 711, 715 (Tex. App.—Waco 1989, no writ). Generally, injunctive relief is "not the proper remedy to try title or right of possession to property; it is not a possessory remedy to oust one in possession. Otherwise stated, peaceable but disputed possession of property will not be transferred by temporary injunction." *Id*. at 714. The dispute between the parties over who had legal title to the tracts, and the dispute between the parties concerning which will prevail on the question of who is legally entitled to possession of the tracts, are both matters that were not properly before the trial court at the temporary injunction hearing. We also do not address either of these issues in this interlocutory appeal. *See Davis*, 571 S.W.2d at 861.

Analysis

The Beelers present five issues in their interlocutory appeal. Issues one, two, and five argue that the trial court, based on the evidence presented at the temporary injunction hearing, erred by reaching the merits of which party had legal title and the rights that flow from legal title, such as a legal right to possession of the property at issue. Issues three and four assert that the temporary injunction is void because the order fails to require that Hanchey post a bond, and it fails to state a date for a trial on the merits.

Two of the issues the Beelers raise in the appeal argue the trial court's order is void. In issue three, the Beelers argue that the order is void because the trial court failed to set a bond or to require the party for whom it granted relief to post a bond. Rule 684 of the Texas Rules of Civil Procedure states: "In the order granting any . . . temporary injunction, the court shall fix the amount of security to be given by the applicant." Tex. R. Civ. P. 684. In issue four, the Beelers argue the trial court's "order is void on its face and should not stand because the order does not state a date for a final trial on the merits." Hanchey failed to address either issue three or issue four in her brief.

Instead, Hanchey argues in her brief that the order provides permanent, not temporary, injunctive relief; she concludes that because the order did not dispose of all of the issues in the case, it is not a final order from which an interlocutory appeal is authorized. *See Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992) (holding that generally, appellate jurisdiction applies only to final orders or judgments); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (West Supp. 2013) (authorizing appellate review of specific interlocutory orders). Alternatively, Hanchey argues the trial court properly resolved the merits of her claim that she continues to hold legal title to the tracts. Because jurisdiction is a threshold issue

4

that we must consider before reviewing the Beelers's issues, we address Hanchey's argument first.

We are not persuaded that the trial court's order grants Hanchey any permanent relief on her claims. According to Hanchey, the fact that the trial court failed to set a date for a trial on the merits or to set a bond shows the trial court intended to grant Hanchey's request for a permanent injunction. However, the classification of an order as permanent or temporary is not controlled by deficiencies that exist in the order's form. The Fourteenth District Court of Appeals in Houston explained:

> "[I]t is the character and function of an order that determine its classification" as one granting a temporary injunction. *Del Valle Indep. Sch. Dist. v. Lopez*, 845 S.W.2d 808, 809 (Tex. 1992). "To reject the order's status as a temporary injunction based on a deficiency in form is to deny review of any defects that may render the order void." *Id.* at 809-10. Thus, although an order may lack features of a typical temporary injunction, those deficiencies do not control the classification. *Qwest Commc'ns Corp. v. AT&T Corp.*, 24 S.W.3d 334, 336 (2000) (holding that the trial court's order granted a temporary injunction even though it was for a fixed duration of three years; the order did not set a bond or trial date; and the trial court did not order the issuance of a writ of injunction); *see also Markel v. World Flight, Inc.*, 938 S.W.2d 74, 78 (Tex. App.—San Antonio 1996, no writ) (appellate jurisdiction is not defeated "merely by the label [the trial court] attaches to the interlocutory order").

*In re Estate of Skinner*, 417 S.W.3d 639, 642 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

5

The character and function of the order the trial court rendered in this case clearly shows that the order was intended to be temporary. Generally, a permanent injunction will not issue from a party's request that a trial court grant temporary relief. *See Owens v. Texaco, Inc.*, 368 S.W.2d 780, 783 (Tex. Civ. App.—Beaumont 1963, no writ). The order that notified the parties of the date of the hearing leading to the entry of the order on appeal commanded the Beelers "to appear and show cause why the temporary injunction prayed for in [Hanchey's] petition should not be granted." Although the temporary injunction hearing was initially scheduled in August 2013, the record shows that Hanchey's attorney rescheduled the hearing for November 2013. In a letter confirming the November hearing, Hanchey's attorney notified the attorney for the Beelers that the trial court would be conducting a hearing on "Plaintiff's Petition for Temporary Injunction[.]"

The hearing also shows the trial court acted on Hanchey's request for temporary relief. At the beginning of the November 2013 hearing, the trial court asked Hanchey's attorney to tell the court what he was asking the court to do. Hanchey's attorney responded by advising the trial court that he was asking the court "to issue a temporary injunction[.]" Near the end of the hearing, the trial court stated that "all we're talking about at this hearing is [a] temporary

6

[in]junction, whether or not I want to grant one and if so, how." With respect to the arguments that were made regarding which of the parties held legal title, the trial court stated: "Well, I don't know how it's going to be resolved; but this is a hearing [for a] temporary injunction. I'm going to grant the temporary injunction." After Hanchey submitted a proposed order and the attorney for the Beelers filed objections to it, the trial court rendered the order that is now on appeal.

In addition to the light shed on the character and function of the order by the notices of the hearing and the transcript from the hearing, the language in the order itself does not support Hanchey's suggestion that the trial court intended to grant Hanchey's claim for permanent injunctive relief. The order being appealed is titled "Order Granting Plaintiff's Application for Temporary Injunction." The decretal section of the order states that "**IT IS, THERFORE, ORDERED** that a Temporary Injunction hereby issue[.]" Near the end of the order, the order contains a paragraph indicating that a trial on Hanchey's request for permanent injunctive relief would occur on a future date, although the trial court then failed to fill in the blank and establish a date for trying the case on the merits.

We conclude that the order is properly characterized as one that granted temporary and not permanent relief. Because the appeal is from an order granting temporary injunctive relief, we have jurisdiction to consider the Beelers's appeal.

7

*See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(4) (authorizing the appeal of an interlocutory order granting or refusing a temporary injunction).

Turning to issues three and four of the Beelers's appeal, we agree that the deficiencies in the temporary order granting Hanchey's request for temporary injunctive relief make the order void. It is settled that a temporary injunction order is void where the trial court fails to set a bond as required by Rule 684. *Ex parte Lesher*, 651 S.W.2d 734, 736 (Tex. 1983) (noting that "an order of injunction issued without a bond is void on its face"); *see also Qwest Communications Corp. v. AT&T Corp.*, 24 S.W.3d 334, 337 (Tex. 2000) (per curiam). The requirements of Rule 684 have been strictly construed. *Ebony Lake Healthcare Ctr. v. Tex. Dep't of Human Servs.*, 62 S.W.3d 867, 870 (Tex. App.—Austin 2001, no pet.).

The order does not reflect that the trial court set a bond; instead, the order, in paragraph six, recites that the bond requirement was "waived." However, the record before us does not support a finding that the bond requirement was waived. Before the trial court rendered its order, the Beelers, through a letter from their attorney, objected to Hanchey's proposed order because "the proposed order contains no bond requirement." The letter further advised the trial court that "the proposed order incorrectly stated that a bond has been waived. Ginger Beeler and Don Beeler, Jr. have *not waived* the applicant's bond." The Beelers's attorney also

8

mentioned that the trial court had not set a bond during the hearing, and nothing in the record of the hearing reflects that the bond requirement in Rule 684 was waived. We conclude the record shows the trial court failed to follow the law when it failed to fix a bond requirement as required by Rule 684.

The temporary injunction order also contains no stated date for a final trial on the merits, another mandatory requirement contained in the Rules of Civil Procedure. *See* Tex. R. Civ. P. 683. The portion of the order setting a trial date does not contain a date for trial. Rule 683 states that "[e]very order granting a temporary injunction shall include an order setting the cause for trial on the merits with respect to the ultimate relief sought." *Id.* "The requirements of Rule 683 are mandatory and must be strictly followed." *InterFirst Bank San Felipe, N.A. v. Paz Constr. Co.*, 715 S.W.2d 640, 641 (Tex. 1986) (reversing a temporary injunction order and declaring it void where order did not include a trial date setting the matter for trial on the merits); *see also Kaufmann v. Morales*, 93 S.W.3d 650, 656 (Tex. App.—Houston [14th Dist.] 2002, no pet.).

Because the trial court's temporary injunction order fails to comply with the mandatory requirements of Rules 683 and 684, we conclude that the order is void.[1]

---

[1]Given the resolution of issues three and four, we need not address the other issues raised by the Beelers in their appeal. *See* Tex. R. App. P. 47.1. Nonetheless, we note that in the third paragraph of the order, the trial court makes several

*See Qwest Communications*, 24 S.W.3d at 337. Accordingly, we reverse the trial court's temporary injunction order, dissolve the temporary injunction, and remand the case to the trial court for further proceedings.

REVERSED AND REMANDED.

_____
HOLLIS HORTON
Justice

Submitted on April 9, 2014
Opinion Delivered June 12, 2014

Before McKeithen, C.J., Kreger and Horton, JJ.

---

findings and conclusions that related to resolving the dispute concerning title. This was a matter that was unnecessary to decide in determining which party was last in peaceful possession until the court could conduct a trial on the merits. *Morgan v. Brannon*, 95 S.W.2d 509, 510-11 (Tex. Civ. App.—Eastland 1936, no writ); *see also Dyer v. Weedon*, 769 S.W.2d 711, 714-15 (Tex. App.—Waco 1989, no writ).

10